UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MARGARITO HERNANDEZ SANTOS,               :
on behalf of himself, FLSA Collective Plaintiff,   :        1:21-cv-01335(JPO)(RWL)
and the class,                            :
                                          :
                            Plaintiffs,   :
                                          :        **DECLARATION**
             -against-                    :        **OF JOSEPH**
                                          :        **DIMITROV**
NUVE MIGUEL CORP. d/b/a KEY FOODS and     :
LUIS H URGILES,                           :
                                          :
                            Defendants.   :

------------------------------------------------------------------X

JOSEPH DIMITROV, an attorney duly admitted to practice before this Court, hereby declares the following to be true under penalty of perjury:

1.       I am associated with the law firm of Litchfield Cavo LLP, attorneys for Defendants NUVE MIGUEL CORP. d/b/a KEY FOODS and LUIS H. URGILES, ("Key Foods"), and respectfully submit this Declaration and accompanying Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification.

2.       Annexed hereto is the Declaration of Klever Urgiles dated September 16, 2021, Declaration of Martin Garcia dated September 16, 2021 and Declaration of Oscar Vergara dated September 16, 2021.

3.       Annexed hereto as **Exhibit "A,"** is a true and correct Copy of Plaintiff's Amended Complaint.

4.       Annexed hereto as **Exhibit "B,"** is a true and correct Copy of Defendant Key Food's Answer.

**WHEREFORE,** Defendants respectfully request that the Court deny Plaintiff's Motion for Conditional Certification and Other Relief and granting such other and further relief as may be just and proper.

Dated: New York, New York
        September 17, 2021

Yours, etc.,
LITCHFIELD CAVO LLP

By: _____
        Joseph Dimitrov (5553284)
        420 Lexington Avenue, Suite 2104
        New York, New York 10170
        (212) 434-0100
        Attorneys for Defendants
        **_NUVE MIGUEL CORP. d/b/a KEY_**
        **_FOODS and LUIS H. URGILES_**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
MARGARITO HERNANDEZ SANTOS,                          :
on behalf of himself, FLSA Collective Plaintiff,      :          1:21-cv-01335(JPO)(RWL)
and the class,                                        :
                                                      :
                              Plaintiffs,             :
                                                      :          **DECLARATION**
            -against-                                 :          **OF KLEVER**
                                                      :          **URGILES**
NUVE MIGUEL CORP. d/b/a KEY FOODS and                 :
LUIS H URGILES,                                       :
                                                      :
                              Defendants.             :
--------------------------------------------------------------X

Klever Urgiles, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of
perjury that the following is true and correct:

1.      I am and have been an owner and General Manager at Nuve Miguel Corp.
d/b/a Key Foods (hereinafter, "Key Foods") since approximately 2001.

2.      I have personal knowledge of the facts stated in this Declaration and
would be competent to testify to the facts contained herein if called as a witness.

3.      Key Foods, where Mr. Margarito Hernandez Santos worked as a stock
person in the produce department, is a supermarket at 755 Amsterdam Avenue, New
York.

4.      I am familiar with the existing and historical wage and hour policies and
practices of Key Foods.

5.      Since February 2015 through the present, Key Foods employed both part-
time and full-time hourly wage workers including, but not limited to, cashiers, stock
persons, and counter workers. Mr. Santos worked the day shift as a stock person in the

produce department. Mr. Santos' hours were typically Monday through Friday from 8:00am to 4:00pm.

6.       Key Foods also employed stock persons for the meat department, dairy department as well as dry goods. Key Foods further employed counter workers at the deli. These hourly workers, including cashiers, have varying duties and there is no uniform or common pay practice amongst these categories of workers.

7.       Indeed, for our stock employees specifically, there were never overlapping shifts during the day. Once a stock person had clocked out for the morning shift, the evening shift employee would clock in. Key Foods is open 24-hours, and there are three shifts for each of the departments (day, evening, and overnight). There was never any need to require any morning shift or night shift stock persons to work overtime because we had enough stock persons and shifts to cover the work.

8.       Several of our employees are part-time or weekend only, working less than five days per week and working less than eight (8) hours per day.

9.       All hourly workers were required to clock-in and clock-out daily, but there existed no policy requiring hourly workers to clock-in and clock-out after a specific set of hours, and nor was there common policy in place that required workers to perform their duties during their unpaid lunch hours. As such, there was never any need for "time shaving" as Plaintiff has alleged in his Complaint and moving papers.

Dated: New York, New York
       September 16, 2021

Klever Urgiles

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MARGARITO HERNANDEZ SANTOS,
on behalf of himself, FLSA Collective Plaintiff,
and the class,

            Plaintiffs,

     -against-

NUVE MIGUEL CORP. d/b/a KEY FOODS and
LUIS H URGILES,

            Defendants.

-------------------------------------------------------------X

1:21-cv-01335(JPO)(RWL)

**DECLARATION
OF MARTIN
GARCIA**

Martin Garcia, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true and correct:

  1.  I, Martin Garcia (incorrectly identified as Martin "[Last Name Unkown]"), am presently an employee at Key Foods supermarket located at 755 Amsterdam Avenue, New York. Therefore, I have personal knowledge of the facts stated in this Declaration.

  2.  I am over the age of eighteen (18) and am not a party to this action.

  3.  My typical work hours while at supermarket were from 12 p.m. to 8p.m. Monday through Friday. I work five days per week and typically work 40 hours per week.

  4.  I am a porter in the supermarket and had limited interaction with plaintiff Margarito Santos.

  5.  During my employment with Key Foods, I was never subject to any short of "time shaving" by being required to work through my lunch breaks without compensation.

6.      During my employment with Key Foods, I have never had any conversation with Margarito, or any other employee, regarding any wage notice or wage statement.

7.      Further, during my employment with Key Foods, I have never spoken to Margarito, or any of my fellow co-workers, regarding my wages. I have never complained to Margarito, or any other co-worker, about either clocking out for lunch or at the end of my shift, only to be told by a manager that my assistance was required. I also never discussed with Margarito, or any other employee, about any conversation with Victor regarding me missing any pay – such conversation never took place.

8.      I have read the foregoing and fully understand its contents.

Dated: New York, New York
        September 16, 2021

                                    Martin Garcia

                                    MARTIN GARCIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARGARITO HERNANDEZ SANTOS,
on behalf of himself, FLSA Collective Plaintiff,
and the class,

                                                Plaintiffs,

                  -against-

NUVE MIGUEL CORP. d/b/a KEY FOODS and
LUIS H URGILES,

                                     Defendants.
------------------------------------------------------------X

1:21-cv-01335(JPO)(RWL)

**DECLARATION
OF OSCAR
VERGARA**

Oscar Vergara, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true and correct:

1.      I, Oscar Vergara (incorrectly identified as Oscar "[LNU]"), am presently an employee at Key Foods supermarket located at 755 Amsterdam Avenue, New York. Therefore, I have personal knowledge of the facts stated in this Declaration.

2.      I am over the age of eighteen (18) and am not a party to this action.

3.      My typical work hours while at supermarket were from 8 a.m. to 5p.m. Sunday through Friday. I work five days per week (with having Wednesdays off) and typically work 40 hours per week.

4.      I work in the frozen foods department and had limited interaction with Mr. Santos.

5.      During my employment with Key Foods, I have not been required to work overtime, or to continue to work after clocking-out.

6.      I never had to work during my lunch hours and not be paid for it.

7.     I never complained about having to work overtime after clocking out and did not speak with anyone at Key Foods, including Margarito Santos, regarding having to work overtime after clocking out.

8.     I have read the foregoing and fully understand its contents.

Dated: New York, New York
       September 16, 2021

Oscar Vergara

OSCAR VERGARA

# EXHIBIT "A"

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARGARITO HERNANDEZ SANTOS,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

       Plaintiff,

  v.

NUVE MIGUEL CORP. d/b/a KEY FOODS
LUIS H URGILES

       Defendants.

---

Case No.: 1:21-cv-01335-JPO-RWL

**FIRST AMENDED CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

**Jury Trial Demanded**

Plaintiff MARGARITO HERNANDEZ SANTOS ("Plaintiff"), on behalf of himself and

others similarly situated, by and through his undersigned attorneys, hereby files this First Amended

Class and Collective Action Complaint against Defendants NUVE MIGUEL CORP. d/b/a KEY

FOODS ("Corporate Defendant") and LUIS H URGILES ("Individual Defendant," collectively

with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.

§§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

1

Defendants: (1) unpaid wages due to time shaving, including wages for unpaid off-the-clock work, (2) liquidated damages and (3) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, including wages for unpaid off-the-clock work, (2) liquidated damages, (3) statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District and because Plaintiff's principal place of business is in this District.

## PARTIES

*Plaintiff*

5.      Plaintiff SANTOS is a resident of New York County.

*Defendants*

6.      Corporate Defendant NUVE MIGUEL CORP. is a corporation organized under the laws of New York and the owner of the Key Foods supermarket located at 755 Amsterdam Avenue, New York, NY 10025.  Its address for service of process is the same.

7.      Individual Defendant LUIS H URGILES is the owner and chief executive officer of NUVE MIGUEL CORP.

2

8.      Individual Defendant exercised functional control over the business and financial operations of Corporate Defendant and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class Members, Individual Defendant exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. Individual Defendant had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

9.      Defendant URGILES was present at the Key Foods supermarket supervising employees just about every day Plaintiff was working there.  If Plaintiff or another employee wanted the day off or had some other employment issue to address, they would speak either with Defendant URGILES directly or with one of Defendant URGILES's associates, who would then take the issue up with Defendant URGILES.

10.     At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

12.     Plaintiff worked for Defendants from in or about June 2006 to in or about May 2020. His scheduled work hours were six (6) days a week, from 8:00 am to 5:00 pm, as a stock

3

person in the produce department. On a daily basis, Plaintiff, FLSA Collective Plaintiffs, and Class members worked in excess of their scheduled hours and such time was uncompensated.

13.     Plaintiff was always paid the prevailing minimum wage rate and was always paid in cash. Plaintiff did not clock in and out until 2015.

14.     Plaintiff would stay at work for 15 minutes after his scheduled shift, but he would not be compensated for this. Before he began clocking in and out in 2015, Defendants would simply pay him for his scheduled shift hours. After he began clocking in and out in 2015, he would be required to clock out at the end of his scheduled shift but would then be expected to stay on to help tie up loose ends for another 15 minutes daily.

15.     Since 2015, Plaintiff was always required to clock out for lunch for one hour every day.  But he could never actually take a lunch break and instead had to work through it. He would begin eating his lunch upon clocking out. Immediately, Flavio Urgiles or another manager would come over, tell him things were getting busy, and require him to perform work—and command Plaintiff to go round up other employees who were also clocked out (like Margarito) to drag them back to work.

16.     While Plaintiff and other employees of Defendants worked through their lunch breaks most days, they were not allowed to clock back in until their official lunch hour was over.

17.     As a result of Defendants' lunchtime and post-shift time shaving, Plaintiff was paid for 48 hours per week when he actually worked 55.5. Since the shaved hours were overtime hours, Plaintiff was injured in the amount of at least 7.5 overtime hours' wages per week.  FLSA Collective Plaintiffs and Class members similarly suffered from this time-shaving scheme.

18.     Plaintiff, FLSA Collective Plaintiffs, and Class members did not receive wage notices. Any wage statements they did receive were improper because they did not include the correct number of hours Plaintiff worked.

19.     Based on Plaintiff's personal observations and experiences and his conversations with other employees of Defendants, including but not limited to cashiers, stock persons, counter employees and baggers, were similarly denied their full wages because of Defendants' time shaving through compulsory off-the-clock work.

20.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings claims for relief as a collective action against Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to cashiers, stock persons, counter employees and baggers, who were employed by Defendants on or after the date that is three (3) years prior to the filing of this Complaint and who, like Plaintiff, were not paid regular and overtime wages due to time shaving through compulsory off-the-clock work.

22.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all wages due because of Defendants' policy of time shaving.

23.     The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

24.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees including but not limited to cashiers, stock persons, counter employees and baggers, employed by Defendants on or after the date that is six (6) years prior to the filing of this Complaint and who, like Plaintiff, were not paid regular and overtime wages due to time shaving.

25.     The Class Members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

26.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

6

27.      Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Like Plaintiff, other Class Members were denied regular and overtime wages due to Defendants' policy of time shaving, including through the use of forced off-the-clock work.

28.      Moreover, Plaintiff and Class Members were alike subject to Defendants' practices of failing to provide proper wage and hour notices and wage statements that satisfied the NYLL's requirements for wage and hour notices and wage statements.

29.      Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

30.      Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

31.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small

in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

32.     Defendants and other employers throughout the country violate the New York Labor Law and applicable state laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

33.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

      a)  Whether Defendants employed Plaintiff and the Class within the meaning of the New York Labor Law;

      b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

    d) Whether Defendants failed to pay Plaintiff and the Class members all wages owed due to a policy of time shaving;

    e) Whether Defendants provided proper wage statements informing Class Members of information required to be provided on wage statements as required under the New York Labor Law; and

    f) Whether Defendants provided proper wage and hour notice to Class Members, including all information required under the New York Labor Law, upon hiring and thereafter.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff realleges all the foregoing paragraphs of this Class and Collective Complaint as if fully set forth herein.

35. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

37. At all relevant times, Defendants had gross annual revenues in excess of $500,000.

38. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all wages owed due to a policy of time shaving, including the use of forced off-the-clock work.

39.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40.     Defendants knew of, and/or showed a willful disregard for, the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs all wages due when Defendants knew or should have known such was due.

41.     Defendants failed to properly apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

42.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

43.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

44.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

45.     Plaintiff realleges all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

46. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

47. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them all wages owed through a policy of time shaving, including forcing them to do unpaid off-the-clock work.

48. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

49. Defendants knowingly and willfully failed to provide proper wage and hour notices to employees pursuant to the requirements of the New York Labor Law.

50. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid regular and overtime compensation, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them prohibiting them from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid regular and overtime wages due under the FLSA and NYLL;

11

d. An award of liquidated damages as a result of Defendants' willful failure to pay all regular and overtime wages owed pursuant to the FLSA;

e. An award of liquidated damages as a result of Defendants' willful failure to pay all regular and overtime wages owed, pursuant to the NYLL;

f. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

h. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff as Representative of the Class; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 12, 2021       Respectfully submitted,

By:    _/s/ C.K. Lee_____
C.K. Lee (CL 4086)

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 1976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARGARITO HERNANDEZ SANTOS,
*on behalf of himself, FSLA Collective Plaintiffs,*
*and the Class*,                                                         1:21-cv-01335-JPO-RWL

                                            Plaintiff,           **DEFENDANTS' NUVE MIGUEL**
                                                                **CORP. D/B/A KEY FOODS AND**
                                                                **LUIS H. URGILES ANSWER TO**
                                                                **THE FIRST AMENDED CLASS**
                                                                **AND COLLECTIVE ACTION**
                                                                **COMPLAINT**

                        v.

NUVE MIGUEL CORP. d/b/a KEY FOODS and
LUIS H. URGILES

                                            Defendants.
-----------------------------------------------------------------X


        Without admitting any allegations of Plaintiffs' First Amended Class and Collective

Complaint, to the proper name or identity of Defendants, NUVE MIGUEL CORP d/b/a KEY

FOODS (hereinafter "Nuve Miguel" or "Defendant"), and LUIS H. URGILES, appearing

without waiver of jurisdictional defenses, files this Answer and Affirmative Defenses to the

Plaintiffs' First Amended Class and Collective Complaint filed against them by Plaintiff,

MARGARITO HERNANDEZ SANTOS, on behalf himself, FLSA Collective Plaintiffs, and the

Class, the existence of which is expressly denied, as and for their Answers to the allegations

contained within First Amended Class and Collective Complaint answers as follows:

                            **AS TO THE "INTRODUCTION"**

1.  Defendants deny each and every allegations contained in Paragraph 1 of the First

    Amended Class and Collective Complaint, referring all questions of law to this

    Honorable Court.

2. Defendants deny each and every allegations contained in Paragraph 2 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

## AS TO "JURISDICTION AND VENUE"

3. The allegations in Paragraph 3 of the First Amended Class and Collective Complaint constitute conclusions of law. To the extent any response is required, Defendants deny each and every allegation in Paragraph 3 of the First Amended Class and Collective Complaint, and refer all questions of law to this Honorable Court.

4. The allegations in Paragraph 4 of the First Amended Class and Collective Complaint constitute conclusions of law. To the extent any response is required, Defendants deny each and every allegation in Paragraph 4 of the First Amended Class and Collective Complaint, and refer all questions of law to this Honorable Court.

## AS TO "PARTIES"

5. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the First Amended Class and Collective Complaint.

6. Defendants admit that NUVE MIGUEL is a corporation organized under the laws of the State of New York, and otherwise deny the allegations contained within Paragraph 6, referring all questions of law to this Honorable Court.

7. Defendants admit that LUIS H. URGILES is the chief executive officer of NUVE MIGUEL, and otherwise deny the allegations contained within Paragraph 7, referring all questions of law to this Honorable Court.

2

8. Defendants deny each and every allegation within Paragraph 8 of the First Amended Class and Collective Complaint, and refer all questions of law to this Honorable Court.

9. Defendants deny each and every allegation within Paragraph 9 of the First Amended Class and Collective Complaint.

10. Defendants deny each and every allegation within Paragraph 10 of the First Amended Class and Collective Complaint, and refer all questions of law to this Honorable Court.

11. Defendants deny each and every allegation within Paragraph 11 of the First Amended Class and Collective Complaint.

## AS TO "STATEMENT OF FACTS"

12. Defendants deny each and every allegation within Paragraph 12 of the First Amended Class and Collective Complaint.

13. Defendants admit that Plaintiff was always paid the prevailing minimum wage rate, and otherwise deny each and every allegation within Paragraph 13 of the First Amended Class and Collective Complaint.

14. Defendants deny each and every allegation within Paragraph 14 of the First Amended Class and Collective Complaint.

15. Defendants admit that Plaintiff was always required to clock out for lunch every day, and otherwise deny each and every allegation within Paragraph 15 of the First Amended Class and Collective Complaint.

16. Defendants deny each and every allegation within Paragraph 16 of the First Amended Class and Collective Complaint.

17. Defendants deny each and every allegation within Paragraph 17 of the First Amended Class and Collective Complaint.

3

18. Defendants deny each and every allegation within Paragraph 18 of the First Amended Class and Collective Complaint.

19. Defendants deny each and every allegation within Paragraph 19 of the First Amended Class and Collective Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation in Paragraph 20 of the First Amended Class and Collective Complaint.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

21. Defendants deny each and every allegation within Paragraph 21 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

22. Defendants deny each and every allegation within Paragraph 22 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

23. Defendants deny each and every allegation within Paragraph 23 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

## AS TO "RULE 23 CLASS ALLEGATIONS"

24. Defendants deny each and every allegation within Paragraph 24 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

25. Defendants deny each and every allegation within Paragraph 25 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

26. Defendants deny each and every allegation within Paragraph 26 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

27. Defendants deny each and every allegation within Paragraph 27 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

28. Defendants deny each and every allegation within Paragraph 28 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

29. Defendants deny each and every allegation within Paragraph 29 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

30. Defendants deny each and every allegation within Paragraph 30, except deny knowledge or information sufficient to form a belief as to the allegation that Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

31. Paragraph 31 does not set forth any allegations to which a response is required. To the extent a response is required, Defendants deny.

32. Defendants deny each and every allegation within Paragraph 32 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

33. Defendants deny each and every allegation within Paragraph 33, including subheadings (a) though (f), of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

**AS TO "STATEMENT OF CLAIM**
**COUNT I"**
**(Violation of the Fair Labor Standards Act)**

34. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 33 of the First Amended Class and Collective Complaint, repeated and realleged in Paragraph 34 thereof, with the same force and effect as if fully set forth herein at length.

35. Defendants deny each and every allegation within Paragraph 35 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

36. Defendants deny each and every allegation within Paragraph 36 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

37. Defendants deny each and every allegation within Paragraph 37 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

38. Defendants deny each and every allegation within Paragraph 38 of the First Amended Class and Collective Complaint.

39. Defendants admit that certain records of Plaintiff concerning the number of hours worked are in the possession of Defendants, and otherwise deny each and every allegation within Paragraph 39 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

40. Defendants deny each and every allegation within Paragraph 40 of the First Amended Class and Collective Complaint.

41. Defendants deny each and every allegation within Paragraph 41 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

42. Defendants deny each and every allegation within Paragraph 42 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

43. Defendants deny each and every allegation within Paragraph 43 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

44. Defendants deny each and every allegation within Paragraph 44 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

## AS TO "STATE OF CLAIM
## COUNT II"
### (Violation of the New York Labor Law)

45. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 44 of the First Amended Class and Collective Complaint, repeated and realleged in Paragraph 45 thereof, with the same force and effect as if fully set forth herein at length.

46. Defendants deny each and every allegation within Paragraph 46 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

47. Defendants deny each and every allegation within Paragraph 47 of the First Amended Class and Collective Complaint.

48. Defendants deny each and every allegation within Paragraph 48 of the First Amended Class and Collective Complaint.

49. Defendants deny each and every allegation within Paragraph 49 of the First Amended Class and Collective Complaint.

50. Defendants deny each and every allegation within Paragraph 50 of the First Amended Class and Collective Complaint, referring all questions of law to this Honorable Court.

### AS TO "PRAYER FOR RELIEF"

The remainder of the First Amended Class and Collective Complaint constitutes a prayer for relief, to which no response is required. To the extent a respond may be deemed required, Defendants deny each and every allegation of this Paragraph, including those contained in subparagraphs (a) through (j).

## AS TO "JURY DEMAND"

To the extent a response is required, Defendants deny that Plaintiff and the purported members of the alleged class are entitled to a trial by jury.

## GENERAL DENIAL

Defendants deny each and every allegation in the First Amended Class and Collective Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Amended Complaint, and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges the following specific defenses. Defendant reserves the right to amend the Answer and Affirmative Defenses and/or supplement, alter or change the Answer or Affirmative Defenses upon completion of appropriate investigation and discovery.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Named Plaintiffs' claims and any of the claims of the putative collective and/or class action members are barred, in whole or in part, because they fail to state a cause of action upon which relief may be granted or for which the damages sought may be awarded. Named Plaintiffs have not alleged sufficient facts to render plausible some or all of the claims they assert in the Amended Class Action Complaint on their own behalf or on behalf of the putative collective action and/or class action members. They have alleged only conclusions of law or formulaic recitations of the elements of their claims without any supporting facts, details or events to support such elements.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

If this Court were to certify this action as a class and/or collective action, any penalty or award of liquidated, multiple, or punitive damages would deny Defendant due process of law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiffs or any putative collective and/or class action members are able to prove to the satisfaction of the trier of fact that any improper motive was a factor in relevant employment decisions (which Defendant denies), Defendant would have made the same employment decisions regardless of any alleged improper motive.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Certain of the individuals within the scope of the putative collective and/or class action alleged by the named Plaintiffs have released and/or waived their claims against the Defendant.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

Named Plaintiffs' claims, and the claims of the putative collective and/or class action members, are barred in whole or in part by those individuals' failure to mitigate their alleged damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim over which the Court should invoke supplemental jurisdiction.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for the recovery of punitive damages is in contravention of Defendants' rights under each of the following provisions: (a) the Commerce Clause of Article I, 14 Section 8 of the United States Constitution; (b) the Contracts Clause of Article I, Section 10 of the United States Constitution; (c) the Due Process Clause of the Fifth and Fourteenth Amendments to the

United States Constitution; (d) the Equal Protection of the laws afforded by the Fourteenth Amendment to the United States Constitution; (e) the Constitutional prohibition against vague and overbroad laws; and (f) the corresponding state constitutional provisions.

<b>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</b>

Plaintiffs' claims for damages based upon emotional, mental or physical injuries, including their claims of infliction of emotional distress are barred by the exclusivity provisions of the applicable workers' compensation laws.

<b>AS AND FOR A NIINTH AFFIRMATIVE DEFENSE</b>

Plaintiffs lack standing to raise some or all of the claims asserted and/or the relief sought in the Amended Class Action Complaint.

<b>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</b>

Some or all of the Plaintiffs may not be adequate class representatives under the doctrine of unclean hands or under principles of equity.

<b>AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE</b>

Defendants reserve the right to assert, plead, and rely on all proper defenses lawfully available, including those which may be disclosed or discovered through discovery or further assertions by Plaintiffs or persons in the putative class as defined by Plaintiffs (of which Defendant expressly denies).

<b>AS AND FOR TWELFTH AFFIRMATIVE DEFENSE</b>

This Court lacks personal jurisdiction over Defendant for some or all of the claims and causes of action asserted within the Amended Class Action Complaint.

<b>AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE</b>

Plaintiff(s) failed to comply with all conditions precedent to suit.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped from pursuing the claims in the Amended Class Action Complaint, and each purported claim contained therein, by reason of the Plaintiff's own actions and course of conduct.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

The Amended Class Action Complaint, and each purported claim contained therein, is barred by the doctrine of laches.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

That Plaintiffs' Amended Class Action Complaint, in whole or in part, is barred by the applicable Statute of Limitations.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

That Plaintiff has selected an improper venue for the claims raised in the Amended Class Action Complaint.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

That Plaintiff and any collective plaintiffs or putative class are exempt from wage and hour requirements under 29 U.S.C.A. Section 213.

WHEREFORE, Defendants respectfully request that judgment be entered dismissing Plaintiffs' claims in their entirety with prejudice, awarding Defendants attorneys' fees, together with such other, further and different relief as the Court deems just and proper and the costs and disbursements of this action.

Dated: New York, New York
      June 11, 2021

Yours, etc.,
LITCHFIELD CAVO LLP

By: _____
Hyun-Baek (Sean) Chung (HC 1063)
420 Lexington Avenue, Suite 2104
New York, New York 10170
(212) 434-0100
Attorneys for Defendants
*NUVE MIGUEL CORP. d/b/a KEY FOODS AND LUIS H. URGILES*

CC:
*ALL COUNSEL OF RECORD VIA ECF*