UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | | |
|---|---|---|
| MARGARITO HERNANDEZ SANTOS, | : | |
| on behalf of himself, FLSA Collective Plaintiff, | : | 1:21-cv-01335(JPO)(RWL) |
| and the class, | : | |
| | : | |
| Plaintiffs, | : | **ECF CASE** |
| | : | |
| -against- | : | |
| | : | |
| NUVE MIGUEL CORP. d/b/a KEY FOODS and | : | |
| LUIS H URGILES, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------X


## DEFENDANTS NUVE MIGUEL CORP. D/B/A KEY FOODS AND LUIS H. URGILES' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION


Dated: New York, New York
September 17, 2021


LITCHFIELD CAVO LLP
Joseph Dimitrov (5553284)
420 Lexington Avenue, Suite 2104
New York, New York 10170
(212) 434-0100
Attorneys for Defendants
***NUVE MIGUEL CORP. d/b/a KEY
FOODS and LUIS H. URGILES***

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ......................................................................................... ii

I.      PRELIMINARY STATEMENT ....................................................................... 1

II.     LEGAL STANDARD........................................................................................ 2

III.    LEGAL ARGUMENT........................................................................................ 3

    A.    PLAINTIFF'S DECLARATION IS DEFECTIVE ON ITS FACE………………..3

    B.    PLAINTIFF'S DECLARATION FALLS SHORT OF
        A MODEST SHOWING…………………………………………………………...5

    C.    C.  MR. GARCIA AND MR. VERGARA DENIES THEY WERE SIMILARLY-
        SITUATED………...……………………………………………...…………..11

    D.    PLAINTIFF'S PROPOSED COLLECTIVE ACTION GROUP WHO ARE/WERE
        NOT STOCK PERSONS IS NOT SUPPORTED BY ANY FACTUAL
        ALLEGATIONS, MUCH LESS ANY MODEST FACTUAL
        SHOWING…………………………………………………………...…………12

    E.    THERE EXISTED NO COMMON POLICY ...………………………………..13

    F.    EQUITABLE TOLLING AND PROPOSED PERIOD OF TIME IS BASELESS,
        OVERBROAD, AND OVER-INCLUSIVE…………………………………….15

    G.    PLAINTIFFS' PROPOSED NOTICE AND OTHER RELIEF MUST BE
        MODIFIED SHOULD THE COURT GRANT ANY PART OF PLAINTIFF'S
        MOTION……...……………………………………………………………19

## TABLE OF AUTHORITIES

**Cases**

Alvarez v. IBM Restaurants Inc., 839 F. Supp. 2d 580, 587 (E.D.N.Y. 2012) ............................ 20

Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481-482 (S.D.N.Y. 2016) .............. 6, 7

Cao v. Wu Liang Ye Lexington Rest., Inc., 2010 WL 4159391, at *1 (S.D.N.Y. Sept. 30, 2010) ........................................................................................................................................ 17

Castro v. Spice Place, Inc., No. 07-CV-4657 (RWS), 2009 WL 229952, at *3 (S.D.N.Y. Jan. 30, 2009) ..................................................................................................................... 2, 13

Contrera v. Langer, 278 F.Supp.3d at 722 (S.D.N.Y 2017) ......................................... 18

Cowell v. Utopia Home Care, No. 14-CV-736 (LDW)(SIL), 2016 WL 4186976 at *6 (E.D.N.Y Aug. 8, 2016) ................................................................................................... 15

Delijanin v. Wolfgang's Steakhouse Inc., No. 18-CV-854 (RA)(KHP), 2019 WL 1760154 (S.D.N.Y April 22, 2019) .................................................................................... 6

Diaz v. Elec. Boutique of America, Inc., No. 04-CV-0840E, 2005 WL 2654270, at *5 (W.D.N.Y. Oct. 17, 2005) ................................................................................................ 15

Douglas v. Anthem Productions LLC, No.  18-CV-5789(VEC) (S.D.N.Y January 2, 2019) ...... 19

Eng–Hatcher v. Sprint Nextel Corp., No. 07-CV-7350(BSJ), 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009) ........................................................................................... 5-6, 11

Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113, 118 (S.D.N.Y. 2011).......................................... 4

Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d at 324 (S.D.N.Y 2007)....................... 22, 23

Feng v. Soy Sauce LLC, No. 15-CV-3058(ENV)(LB), 2016 WL 1070813, at *4 [E.D.N.Y. Mar. 14, 2016]................................................................................................................. 14

Fengler v. Crouse Health Foundation, Inc., 595 F. Supp. 2d 189 (N.D.N.Y. 2009) ................... 13

Fernandez v. Sharp Management Corp., No. 16-CV-0551(JGK)(SN), 2016 WL 5940918 (S.D.N.Y Oct 13, 2016)................................................................................................ 7

Foster v. Food Emporium, 2000 WL 1737858, at *3 (S.D.N.Y. Apr. 26, 2000) ........................ 21

Garcia v. Spectrum of Creations, Inc., 102 F. Supp. 3d 541, 551 (S.D.N.Y. 2015).................... 24

Garriga v. Blonder Builders Inc., No. 17-CV-497, 2018 WL 4861394 (E.D.N.Y. March 28, 2018)................................................................................................................. 10

Gonzalez v. Scalinatella, Inc., 2013 WL 6171311, at *5 (S.D.N.Y. Nov. 25, 2013) .................. 22

Greene v. C.B. Holding Corp., No. 10-CV-1904, 2010 WL 3516566, at *3 (E.D.N.Y. Aug. 12, 2010)................................................................................................................... 3

Guillen v. Marshalls of MA, Inc., 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010)............................ 2

Gustafson v. Bell Atlantic Corp., 171 F. Supp. 2d 311, 323 (S.D.N.Y. 2001)............................ 16

Hamadou v. Hess Corp., 915 F.Supp.2d at 667–68 (S.D.N.Y 2013) .................................... 18, 21

Hintergerger v. Catholic Health System, No. 08-CV-380S, 2009 WL 3464134, at *14-15, n. 22
   (W.D.N.Y. Oct. 21, 2009) .......................................................................................... 17

Hoffman-La Roche, Inc. v. Sperling, 110 S.Ct. 482 (1989) ................................................. 2, 19-21

Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ............................................. 16

Hosking v. New World Mortgage, Inc., 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009) ................. 17

Huertero-Morales v. Raguboy Corp., No. 17-CV-2429(JCF), 2017 WL 4046337 (S.D.N.Y.
   March 12, 2017) ............................................................................................................. 8

In re J.T. v. Bd. Of Educ. of Sch. Dist. of New York City, 716 F. Supp. 2d 270, 284 (S.D.N.Y.
   2010)............................................................................................................................. 6

In re Penthouse Exec. Club Comp. Litig., No. 10-CV-1145(NRB), 2010 WL 4340255, at 4–5 . 20

Iriarte v. Café 71 Inc., No. 15-CV-3217(CM), 2015 WL 8900875, at *5-6 (S.D.N.Y December
   11, 2015)....................................................................................................................... 18

Islam v. LX Avenue Bagels Inc., No. 18-CV-04895(RA)(RWL), 2019 WL 5198667, at
   *8 (S.D.N.Y September 30, 2019) ................................................................................. 18

Jenkins v. TJX Companies, Inc., 853 F.Supp.2d 317, 323 (E.D.N.Y 2012) ........................... 2, 11

Karvaly v. eBay, Inc., 245 F.R.D. 71 (E.D.N.Y 2007)............................................................. 23

Khan v. Airport Management Servs., Inc., No. 10-CV-7735, 2011 WL 5597371, at *4-5
   (S.D.N.Y. Nov. 16, 2011) .............................................................................................. 3

Korenblum v. Citigroup, Inc., 195 F. Supp. 3d 475, 482 (S.D.N.Y. 2016)................................ 11

Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 355-56 (E.D.N.Y. 2008) ...................... 5

Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) ...................................... 2, 20

Levinson v. Primedia Inc., No. 02-CV-2222 (CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov.
   6, 2003)......................................................................................................................... 4

Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 509 (S.D.N.Y. 2010)................................... 3

Lujan v. Cabana Mgmt., Inc., No. 10-CV-755 (ILG), 2011 WL 317984, at *9 (E.D.N.Y February
   1, 2011)...................................................................................................................... 18, 21

Lundquist v. Sec. Pac. Auto. Fin. Servs. Corp., 993 F.2d 11, 14-15 (2nd Cir. 1993)................... 14

Maldonado v. La Nueva Rampa, Inc., No. 10-CV-8195, 2012 WL 1669341, at *4 (S.D.N.Y.
   May 14, 2012) ............................................................................................................... 17

Mano v. Home Lines, Inc., No. 85-CV-1579 (SWK), 1987 WL 5798, at *2 (S.D.N.Y. Jan. 13,
   1987)............................................................................................................................. 6

Mattis v. Zheng, No. 05 Civ. 2924, 2006 WL 3155843, at 1 (S.D.N.Y. Oct. 27, 2006)............... 4

McBeth v. Gabrielli Truck Sales, Ltd., 768 F.Supp.2d 396, 400 (E.D.N.Y. 2011)............... 18, 20

Mendoza v. Casa de Cambio Delgado, Inc., No. 07-CV-2579(HB), 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008) ......................................................................................... 14

Michael v. Bloomberg L.P., 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015)...................... 24

Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) ......................... 15

Miller v. Int'l Tel. and Tel. Corp., 755 F.2d 20, 24 (2nd Cir. 1985)................................................ 16

Mogollan v. La Abundancia Bakery & Restaurant, Inc., No. 18-CV-03202 (GBD)(SDA), 2019 WL 1512714 (S.D.N.Y April 8, 2019)................................................................................. 16, 19

Monzano-Moreno v. Libqual Fence, Co., Inc., No. 18 Civ. 161 (MKB) (AKT), 2019 WL 1333264 (E.D.N.Y March 25, 2019)........................................................................................ 9

Morales v. Plantworks, Inc., No. 05-CV-2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) ............................................................................................................................... 4, 6

Myers v. Hertz Corp., 624 F.3d 537, 554 (2nd Cir. 2010)...................................................... 2, 3, 6

Pamphile v. Tishman Speyers Props., L.P., No. 03-CV-5964 (SLT)(LB), 2006 WL 1806505, at *5 (E.D.N.Y. June 29, 2006)................................................................................................ 5

Parks v. Eastwood Ins. Servs., Inc., 2002 WL 34370244, at *5 (C.D. Cal. July 29, 2002) ......... 22

Placinta v. Grazina Pilka, Inc., No. 16-CV-4272 (KAM)(SJB), 2018 WL 5024170, at *7 (E.D.N.Y. Oct. 5, 2018) ................................................................................................... 13

Prizmic v. Armour, Inc., No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614 at *2 (E.D.N.Y. June 12, 2006) ........................................................................................................... 3, 14

Qi Zhang v. Bally Produce, Inc., No. 12-CV-1045 (FB) (JMA), 2013 WL 1729274, at *4 (E.D.N.Y. Apr. 22, 2013)............................................................................................... 8, 10

Ramos v. PJJK Rest. Corp., No. 15-CV-5672(PKC), 2016 WL 1106373 at *5 (S.D.N.Y. Mar. 10, 2016)............................................................................................................................. 18

Romero v. H.B. Automotive Group, Inc., No. 11-CV-386, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) ................................................................................................................... 3

Rubery v. Buth-Na-Bodhaige, Inc.,  569 F.Supp.2d at 338 (W.D.N.Y 2008)............................. 24

Rudd v. T.L. Cannon Corp., 2011 WL 831446, at *6 (N.D.N.Y. Jan. 4, 2011), adopted by, 2011 WL 830636 (N.D.N.Y. Mar. 3, 2011)..................................................................................... 2

Sanchez v. el Rancho Sports Bar Corp., 2014 WL 1998236, at *4 (S.D.N.Y. May 13, 2014) .... 20

Sanchez v. JMP Ventures, LLC, No. 13-CV-7264 (KBF), 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014).............................................................................................................................. 9

Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 247 [2nd Cir. 2011])................. 14

Sharma v. Burberry Ltd., 52 F. Supp.3d 443 (E.D.N.Y 2014) ................................................... 23

Sicom S.P.A. v. TRS Inc., 168 F. Supp. 3d 698, 709 (S.D.N.Y. 2016)..............................................4

Sobczak v. AWL Indus., Inc., 540 F.Supp.2d 354, 362 (E.D.N.Y. 2007)....................................12

Taveras v. D & J Real Estate Mgmt. II, LLC, 324 F.R.D. 39, 45 (S.D.N.Y. 2018)......................6

Trinidad v. Pret A Manger (USA) Ltd., 962 F.Supp.2d at 564 (S.D.N.Y 2013)...................22, 23

Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 76 (E.D.N.Y. 2016) ...................................12, 20, 24

Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ...........16

Zeledon v. Dimi Gyro LLC, No. 15-CV-7301(TPG)(DF), 2016 WL 6561404, at *11 (S.D.N.Y. Oct. 13, 2016)................................................................................................................................14

Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2nd Cir. 2003) ..............................16

**Statutes**

28 U.S.C. § 1746...........................................................................................................................4

29 U.S.C. § 216(b) ....................................................................................................................1, 2

29 U.S.C. § 255(a) ........................................................................................................................16

29 U.S.C. § 256(b) ........................................................................................................................16

**Treatises**

Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, 7B Federal Practice and Procedure: Civil 3d § 1807, at 487-53 [2005])............................................................................................6

Defendants ("Nuve Miguel Corp. d/b/a Key Foods and Luis H. Urgiles"), by and through their attorneys, Litchfield Cavo LLP, submit the following Memorandum of Law in opposition to Plaintiff's Motion for Conditional Certification.

## I.    PRELIMINARY STATEMENT

A single individual, Margarito Hernandez Santos, a former employee of Key Foods ("Plaintiff"), seeks conditional certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 216[b]), and also seeks Court-facilitated notice of this lawsuit as to all current and former non-exempt employees ("including but not limited to, cashiers, stock persons, counter employees and baggers")[1] who were employed at Defendants within the last six (6) years. However, Plaintiff fails to meet his burden to show – through facts, not conclusory assertions, hearsay, and speculation – that he and other individuals are "similarly situated" within the meaning of the FLSA.

Plaintiff seeks such drastic relief based solely on his own self-serving declaration and assertions with respect to other workers, past and present, which are founded on "information and belief." In bringing this motion, Plaintiff has failed to produce any evidence to corroborate his claims. Indeed, Plaintiff's position is devoid of any evidence of policies or procedures violative of the FLSA and consist of nothing but speculation and surmise.

Accordingly, the instant motion to conditionally certify amounts to a "fishing expedition" by the lone individual plaintiff as it is based on pure speculation that there exists other similarly situated putative collective members who were allegedly subjected to the same common pay policy of being asked to work overtime after being asked to punch-out at a certain time or work "off-the-clock."

---

[1] See Plaintiff's Memorandum of Law in Support, p.1.

## II.   <u>LEGAL STANDARD</u>

To obtain conditional certification, a plaintiff must make a threshold showing that she is "similarly situated" to proposed collective members. 29 U.S.C. § 216(b). Plaintiff bears the burden of proof on this issue, <u>see</u> <u>Guillen v. Marshalls of MA, Inc.</u>, 750 F. Supp. 2d 469, 475 (S.D.N.Y. 2010), and courts have discretion in deciding whether to grant conditional certification, <u>see</u> <u>Hoffman-LaRoche Inc.</u>, 439 U.S. 165, 171-72 (1989). Although a plaintiff may meet the burden at the conditional certification stage by making a "modest" factual showing, certification at this stage "is not automatic." <u>Jenkins v. TJX Cos. Inc.</u>, 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012).

Rather, plaintiff's showing "must be [] based on some substance," <u>Guillen</u>, 750 F. Supp. 2d at 480, and "cannot be satisfied [] by unsupported assertions. <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 554 (2nd Cir. 2010) (citation omitted). Courts "must…take a measured approach when addressing a request for collective action certification, mindful of the potential burdens associated with defending against an FLSA claim involving a large and broadly defined collective group of plaintiffs." <u>Rudd v. T.L. Cannon Corp.</u>, 2011 WL 831446, at *6 (N.D.N.Y. Jan. 4, 2011), <u>adopted by</u>, 2011 WL 830636 (N.D.N.Y. Mar. 3, 2011).

Plaintiff must provide sufficient factual support to meet her "modest" burden to establish that she is similarly situated with respect to a common policy that is a violation of the FLSA, i.e., that "[she] and potential plaintiffs together were victims of a common policy or plan that violated the law." <u>See</u> <u>Lee v. ABC Carpet & Home</u>, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal citations omitted); <u>see also</u> <u>Myers</u>, 624 F.3d at 554; <u>Castro v. Spice Place, Inc.</u>, No. 07-CV-4657 (RWS), 2009 WL 229952, at *3 (S.D.N.Y. Jan. 30, 2009) (denying certification as plaintiffs did not make the necessary showing that the alleged actions were a reflection of a common policy, maintained by all defendants, in violation of the FLSA); <u>Prizmic v. Armour, Inc.</u>, No. 05-CV-2503

(DLI)(MDG), 2006 WL 1662614, at *3 (E.D.N.Y. June 12, 2006) (denying conditional collective action certification, as plaintiff failed to provide any facts for his claim that a class of similarly situated plaintiffs exists to warrant disclosure of the names and addresses of potential plaintiffs).

This requirement will only be met when the representative plaintiff sets forth factual allegations – not conclusory or unsupported allegations – demonstrating a factual nexus between the representative plaintiff's situation and the situation of those individuals he or she asserts are "similarly situated." See Greene v. C.B. Holding Corp., No. 10-CV-1904, 2010 WL 3516566, at *3 (E.D.N.Y. Aug. 12, 2010) ("A plaintiff must provide evidence of a factual nexus between his situation and those of claimants similarly situated; mere conclusory allegations are not enough."); Prizmic, 2006 WL 1662614, at *2 (stating that a representative plaintiff "must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations.").

In considering whether the representative plaintiff has satisfied the burden of proving she is similarly situated to those she seeks to represent, courts will examine the representative plaintiff's pleading and the declaration(s) submitted by the plaintiff and any potential opt-in plaintiffs. See Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 509 (S.D.N.Y. 2010). When the pleadings and declaration(s) submitted by a representative plaintiff do not establish the required factual nexus or are based on conclusory assertions, "conditional certification" should be denied. See Romero v. H.B. Automotive Group, Inc., No. 11-CV-386, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) (denying conditional certification because "Plaintiff's 'modest factual showing cannot be satisfied simply by unsupported assertions'" and that "[c]onclusory allegations are not enough[.]" (quoting Myers, 624 F.3d at 555); Khan v. Airport Management Servs., Inc., No. 10-CV-7735, 2011 WL 5597371, at *4-5 (S.D.N.Y. Nov. 16, 2011) (denying conditional

certification because plaintiff relied exclusively on conclusory allegations); Morales v. Plantworks, Inc., No. 05-CV-2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification because plaintiffs offered only conclusory and unsupported allegations in support of their motion); Levinson v. Primedia Inc., No. 02-CV-2222 (CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) (denying conditional certifications where plaintiffs merely alleged that they were not paid overtime or the minimum wage, but provided no factual evidence other than their own conjecture that other employees suffered from the same unlawful pay practices).

### III.   LEGAL ARGUMENT

### A.  PLAINTIFF'S DECLARATION IS DEFECTIVE ON ITS FACE

"If the declarant himself does not speak and read English[,] the party relying on his English-language declaration must also submit documents sufficient to establish that he/she understood what he/she was signing." 28 U.S.C. § 1746; Sicom S.P.A. v. TRS Inc., 168 F. Supp. 3d 698, 709 (S.D.N.Y. 2016).  A certified translation in the declarant's native language is sufficient, but there must be some proof of a certified translation, and if the declarant read the translation before she signed the English-language version. See, e.g., Espinoza v. 953 Assocs. LLC, 280 F.R.D. 113, 118 (S.D.N.Y. 2011). The declarant can also sign the document in her native language if counsel files the native-language document with a certified English-language translation. Mattis v. Zheng, No. 05 Civ. 2924, 2006 WL 3155843, at 1 (S.D.N.Y. Oct. 27, 2006). Plaintiff's Declaration in Paragraph 14 states in Spanish, "[e]sta declaración ha sido traducida para mi en español y es verdadera y correcta a mi leal saber y entender." This statement is loosely translated to English as "[t]his statement has been translated for me in Spanish and is true and correct to the best of my knowledge." However, the declaration was not accompanied by any Spanish translation, and he, further, fails to provide proper certification by a qualified translator certifying the accuracy of the

4

purported translation.  Moreover, there is not even any indication plaintiff understood the contents of the declaration he signed.  Plaintiff does not provide any documentation to establish that he knew what she was signing. Therefore, it is respectfully requested the court not consider the declaration or any attempt by Plaintiff to subsequently cure this fatal defect.

## B.  PLAINTIFF'S DECLARATION FALLS SHORT OF A MODEST SHOWING

Putting aside the fatal defect of Plaintiff's sole declaration outlined above, this Court should not take into consideration the allegations contained within such declaration as same is not based on personal knowledge as to the other employees and, therefore, lacks evidentiary foundation. For example, Plaintiff states in conclusory form that "[b]ased on [his] personal observations and conversations with co-workers, [he] knows that all employees employed by Defendants were subject to the same wage and hour policies." [Santos Decl., ¶10]. Such conclusory claims of "conversations" are simply not sufficient to provide foundation for Plaintiff's declaration to have acknowledge knowledge as to the relationship of other employees of Defendants.  See Pamphile v. Tishman Speyers Props., L.P., No. 03-CV-5964 (SLT)(LB), 2006 WL 1806505, at *5 (E.D.N.Y. June 29, 2006) (plaintiff held not truly "aware" of others like him where he submitted mere hearsay evidence of office gossip and references to potential unidentified witnesses); Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 355-56 (E.D.N.Y. 2008) (plaintiffs' factual support was reduced to hearsay and generalized statements); Eng-Hatcher v. Sprint Nextel Corp., No. 07-CV-7350 (BSJ), 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) (discounting "general statements" to support claim that other employees were similarly situated to the plaintiff).

"When plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred and the names of employee

5

involved." Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481-82

(S.D.N.Y. 2016); Taveras v. D & J Real Estate Mgmt. II, LLC, 324 F.R.D. 39, 45 (S.D.N.Y. 2018)

("Courts in this Circuit often restrict the scope of a proposed collective or deny conditional

certification because of a failure to identify other co-workers by name and title, provide the

specifics of conversations with those employees, or note details of other employees' working

conditions and hours."); Eng-Hatcher, 2009 WL 7311383, at *5 (denying conditional and

class certification in an "off-the-clock" case where the plaintiff "attempt[ed] to impute her own

limited experience" to the class and the plaintiff's evidence failed to justify the size and scope of

the proposed class). These type of statements constitute inadmissible hearsay which is not entitled

to any weight and cannot be considered by the Court. In re J.T. v. Bd. Of Educ. of Sch. Dist. of

New York City, 716 F. Supp. 2d 270, 284 (S.D.N.Y. 2010) ("statements that are based on

inadmissible hearsay or amount to conclusory legal arguments cannot be considered by the Court);

Mano v. Home Lines, Inc., No. 85-CV-1579 (SWK), 1987 WL 5798, at *2 (S.D.N.Y. Jan. 13,

1987) (citations omitted).

   As the Second Circuit has explained, "[t]he 'modest factual showing' cannot be satisfied

simply by 'unsupported assertions.' " Myers, 624 F.3d at 555; Morales v. Plantworks, Inc., No.

05-CV- 2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (quoting Charles Alan Wright,

Arthur R. Miller, and Mary Kay Kane, 7B Federal Practice and Procedure: Civil 3d § 1807, at 487-

53 [2005]) (stating that "conclusory allegations are not enough" to meet the "modest factual

showing" at the first stage of collective action certification); Delijanin v. Wolfgang's Steakhouse

Inc., No. 18-CV-854 (RA)(KHP), 2019 WL 1760154 (S.D.N.Y April 22, 2019) (All that plaintiffs

have provided is a list of "unsupported assertions and conclusory allegations" that are

"insufficient to conditionally certify a class").

Devoid of any details, paragraphs 3 and 5 in Plaintiff's declaration states, "other employees of Defendants were also time-shaved by being required to work past their schedules shifts without compensation" and "by being required to work through their lunch breaks without compensation." Fernandez v. Sharp Management Corp., No. 16-CV-0551(JGK)(SN), 2016 WL 5940918 (S.D.N.Y Oct 13, 2016) (denying conditional certification where plaintiffs' declarations "contain[ed] no non-conclusory allegations demonstrating that they [had] knowledge of how" other employees of defendants were paid). Here, nothing is provided as to the basis for such over-sweeping knowledge and how he could have known of other employees, including employees with different titles than him, and all of their pay structures at the grocery store.

Plaintiff then in paragraph 9 refers to three (3) other employees by first name only and their "positions" with Defendants: (i) Martin [Last Name Unknown], Porter; (ii) Oscar [LNU], Dairy; (iii) Victor [LNU], Grocery. Plaintiff does not provide any declarations from them. The basis for Plaintiff's knowledge that these three individuals are similarly-situated is his alleged personal conversations with same. Indeed, Plaintiff alleges that "Martin complained to Victor that he was missing an entire day's worth of pay, since he had worked six days that week but only been compensated for five" to which Victor allegedly responded " 'Nope; you only worked five days.'" Santos Decl. ¶11. He further alleges that "this also happened to [him] on a few occasions." Id.

While in certain circumstances a single declaration based on personal observation can be sufficient to meet plaintiff's burden, merely reciting that there exists someone who is similarly situated is simply not the type of modest evidentiary showing required to conditionally certify a putative collective. In Benavides v. Serenity Spa NY Inc., 166 F. Supp. 3d 474, 481-482 (S.D.N.Y. 2016), for example, the court granted conditional certification because the single declaration was supported by documentary records. As the Court in Huertero-Morales v. Raguboy Corp., No. 17-

CV-2429(JCF), 2017 WL 4046337 (S.D.N.Y. March 12, 2017), noted, "[w]hile a single affidavit from a plaintiff can on its own merit conditional certification, conditional certification is not appropriate where a plaintiff "provides no details about [his] conversations [with other employees] and provides no affidavits from any other employees corroborating [his] claims."  While we are not saying that records or additional declarations are required in every case to support a single declaration, it is warranted in this instance given that the motion is based on bare bone conclusory declaration, which was inadmissible to begin with.

Moreover, Plaintiff completely fails to state that the three workers aforementioned had the same or similar duties as him or even recite what their titles were.  Qi Zhang v. Bally Produce, Inc., No. 12-CV-1045 (FB) (JMA), 2013 WL 1729274, at *4 (E.D.N.Y. Apr. 22, 2013) ("refus[ing] to conditionally certify a collective action if plaintiff is unwilling (or unable) to offer any evidence that other [employees] had similar duties and responsibilities as plaintiff").  No corroborative details are offered for these other employees' working conditions and hours. Plaintiff fails to indicate what the set number of hours for these three individuals were, when he indicates they were required to "clock-out" after a "set number" of hours. There is not even an indication on the total number of hours these three employees were required to work on a weekly basis.  He further does not state what their work hours were during the relevant period.  Without stating what their hours were or the total number of required work hours for them, Plaintiff alleges he had conversations about similar clocking-out requirements with these three workers, which amounts to pure speculation.

Moreover, Plaintiff does not indicate when he made these personal observations of them, reporting to and leaving work at the same or similar times, or allegedly working during his lunch hour. Similarly, he does not indicate where these overlapping conversations occurred, but indicates

only that these alleged conversations took place "at work when managers were out of earshot and also when [they] socialized outside of work." Indicating the conversations took place "when managers were out of earshot" at vague unknown times is akin to saying that she does not know when or where.  See, Sanchez v. JMP Ventures, LLC, No. 13-CV-7264 (KBF), 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) (Details as to plaintiff's observations and conversations, including when and where they took place, are critical, and without them, is insufficient to conditionally certify).

In Monzano-Moreno v. Libqual Fence, Co., Inc., No. 18 Civ. 161 (MKB) (AKT), 2019 WL 1333264 (E.D.N.Y March 25, 2019), the Court discussed paragraphs 11 and 12 of the declaration submitted in support of plaintiff's motion for conditional certification, which is similar to paragraph 9 of Plaintiff's Declaration in this case. The plaintiff in Monzano-Morena averred that there were at least four (4) other similarly-situated employees, by identifying them by name. Specifically, the Declaration in Monzano-Morena stated that the three of those identified individuals also worked in excess of forty (40) hours per week for approximately $130.00 per day of work, but that they were not paid for their over 40 hours per work week.  The Court found that plaintiff in that case offered no information adequate to show that the four individuals referred to in paragraph 12 of his declaration were all subjected to a common, unlawful compensation policy, and that it was an attempt "to broaden his Spartan factual allegations beyond himself as the existing Plaintiffs is not sufficiently specific to make the requisite showing." Id.

Notably, Plaintiff in the instant matter does not provide sufficient details related to his observations and conversations as basis for his knowledge to broaden the collective beyond either himself, or his job title as a stock person.  Here, the information is even more scant because there is no indication as to the number of hours the three persons worked on a given week, or when or where his alleged "personal observations" took place, nor even the job titles of those three

individuals listed in furtherance of his application for conditional certification. Plaintiff fails to even indicate whether he was present when Martin purportedly told Victor that he was not being paid for working six days a week, or that he even overheard this purported conversation, which constitutes speculative hearsay rather than based on personal observations. Martin's alleged remark also fails to serve as corroborative evidence as required to make a modest showing because it is conclusory and is a repeat of Plaintiff's own conclusory allegation. There is simply no evidence suggesting that these claimed individuals are similarly situated outside of the fact that they work at the grocery store with Plaintiff and that Plaintiff has had conversations with them at some point.

Furthermore, plaintiff improperly attempts to broaden the putative collective by adding non-stock person wage workers. "A collective action is only appropriate where the plaintiff[s] make[ ] some showing that the nature of the work performed by other claimants is at least similar to [their] own." See, Qi Zhang, supra.  In refusing to conditionally certify a class to employees who did not have the same job title as the plaintiff, the Court in Garriga v. Blonder Builders Inc., No. 17-CV-497, 2018 WL 4861394 (E.D.N.Y. March 28, 2018), found that Plaintiffs alleged very little as to the duties of other non-managerial employees with respect to the duties of Plaintiffs and other carpenters. The Plaintiff in Garriga stated he would "frequently discuss" the Defendants' illegal pay practices with them and the three named carpenters, including during each payday. At coffee and lunch breaks, he overhead other non-managerial employees "complaining that they were ripped off due to Defendants' refusal to compensate them" for overtime.   These assertions, the Court in Garriga held, were insufficient to expand the collective to include "all non-exempt employees."

Here, not only has plaintiff failed to make a modest showing of similarly-situated stock persons (there is not even a mention of the three individual's job title), but it is impermissible to even seek to expand the collective to non-stock persons, where it is clear no showing whatsoever has been made concerning the nature of the work performed by other non-stock persons.

### C.  MR. GARCIA AND MR. VERGARA DENIES THEY WERE SIMILARLY-SITUATED

The declaration of Martin Garcia, incorrectly identified by Plaintiff as, Martin [Last Name Unknown], whom Plaintiff relies on, negates Plaintiff's claim that there existed a common "time shaving" policy of requiring Key Foods employees to continue working after clocking out.  Mr. Garcia denies he is in fact similarly situated to Plaintiff. See, Korenblum v. Citigroup, Inc., 195 F. Supp. 3d 475, 482 (S.D.N.Y. 2016) (denying conditional certification where evidence submitted by the defendants refuted existence of "common policy or plan"); Eng–Hatcher v. Sprint Nextel Corp., No. 07-CV-7350(BSJ), 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009) (denying certification where the Plaintiff could only show a common presumptively legal official policy, and had nothing to support her allegations of the existence of an illegal de facto policy other than her own deposition testimony); Jenkins v. TJX Companies, Inc., 853 F.Supp.2d 317, 323 (E.D.N.Y 2012).

The similarly-situated employee Plaintiff claims in his declaration whom was subject to the same unlawful wage and hour practice, is a current porter by the name of Martin Garcia (incorrectly identified by Plaintiff as Martin [Last Name Unknown]) who continues to be employed by Defendants.  Mr. Garcia negates the basis for Plaintiff's allegation related to his alleged personal observations and conversations. Mr. Garcia indicates that, "during my employment with Key Foods, I was never subject to any sort of "time shaving" by being required to work through my lunch breaks without compensation.  He further states that, "I have never had any conversation with Margarito, or any other employee, regarding any wage notice or wage statement … [nor] regarding my wages." He further states that "I have never complained to Margarito, or any other co-worker, about either clocking out for lunch or at the end of my shift, only to be told by a

manager that my assistance was required […] [or] regarding me missing any pay." (See, ¶ 5-7 - Declaration of Garcia).

Plaintiff further claims that an employee whom he can only identify as "Oscar" was also subject to the same unlawful wage and hour practice. "Oscar" is a current stock person in the frozen foods department by the name of Oscar Vergara who continues to be employed by Defendants.  Mr. Vergara further negates the basis for Plaintiff's allegation related to his alleged personal observations and conversations.  Mr. Vergara indicates that, "during my employment with Key Foods, I have not been required to work overtime, or to continue to work after clocking-out." He further states that "I never had to work during my lunch hours and not be paid for it." Moreover, he states that "I never complained about having to work overtime after clocking out and did not speak with anyone at Key Foods, including Margarito Santos, regarding having to work overtime after clocking out." (See, ¶ 5-7 - Declaration of Vergara).

In the face of this evidence, not only has Plaintiff utterly failed to make his required modest showing beyond pure speculation, but Mr. Garcia's and Mr. Vergara's declarations each essentially refute Plaintiff's claim that Mr. Garcia and Mr. Vergara were similarly-situated or that there existed such a common policy.

The motion must be denied on this basis alone because Mr. Garcia's and Mr. Vergara's declarations undercuts the existence of any "factual nexus between the plaintiff's situation and the situation of other potential plaintiffs", like Mr. Garcia and Mr. Vergara, as required to warrant conditional certification.  See, Sobczak v. AWL Indus., Inc., 540 F.Supp.2d 354, 362 (E.D.N.Y. 2007); Valerio v. RNS Industries, LLC, 314 F.R.D 61 (E.D.N.Y 2016).

### D. PLAINTIFF'S PROPOSED COLLECTIVE ACTION GROUP WHO ARE/WERE NOT STOCK PERSONS IS NOT SUPPORTED BY ANY FACTUAL ALLEGATIONS, MUCH LESS ANY MODEST FACTUAL SHOWING

Plaintiff's Memorandum of Law in Support of his Motion for Conditional Certification seeks conditional collective action certification of a group consisting of "all current and former non-exempt employees (including cashiers, stock persons, counter employees and baggers), employed by Defendants for the six (6) year period prior to the filing of the Complaint."

This proposed overly broad company-wide group is not "similarly situated" to Plaintiff for purposes of FLSA conditional certification. <u>Castro v. Spice, Inc.</u>, No. 07-CV-4657, 2009 U.S. Dist. LEXIS 7678 (S.D.N.Y. Ja. 29, 2009). As the Court held in <u>Castro</u>, at the conditional certification stage, the Plaintiff must make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a *common policy or plan* that violated the law. <u>Id.</u>, at *5 (emphasis added). The Court must determine whether there is a factual nexus between the named Plaintiff's terms and conditions of employment and those of other current and former employees alleged to be similarly situated. <u>Id.</u> Here, as in <u>Castro</u>, Plaintiff has failed to make such a showing. <u>See also</u> <u>Fengler v. Crouse Health Foundation, Inc.</u>, 595 F. Supp. 2d 189 (N.D.N.Y. 2009) (refusing to conditionally certify a class of all hourly workers).

Here, Plaintiff has completely failed to establish any factual nexus by and between him and those incorporated in the overly-broad conditional class as outlined in his moving papers. To wit, the only comparison briefly examined within his declaration and memorandum of law is between him and a "porter" employed by Defendants. Indeed, Plaintiff does not identify that individuals weekly hours, rate of pay, nor his job duties under that title in comparison to his own as a stock person. The only nexus established by Plaintiff is that the two of them complained to each other about how much they were being paid in their respective positions.

**E.   THERE EXISTED NO COMMON POLICY**

Plaintiff fails to demonstrate that he will be able to satisfy the elements necessary to conditionally certify the collective where he cannot establish a common policy, let alone the existence of a policy that violates the law. "Collective actions under the FLSA encompass only FLSA violations." <u>Placinta v. Grazina Pilka, Inc.</u>, No. 16-CV-4272 (KAM)(SJB), 2018 WL 5024170, at *7 (E.D.N.Y. Oct. 5, 2018) (<u>citing</u> <u>Feng v. Soy Sauce LLC</u>, No. 15-CV-

3058(ENV)(LB), 2016 WL 1070813, at *4 [E.D.N.Y. Mar. 14, 2016]; Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 247 [2nd Cir. 2011]).

As indicated in the declaration of both Luis Urgiles, the owner and general manager of Defendant Nuve Miguel Corp., there existed no store policy that an hourly wage earner clock-out at some specific time, and was required to work overtime thereafter. (See, ¶ 9 - Declaration of Urgiles).  As there existed no such policy, it is not possible that a "common" policy applicable to all stock persons and non-stock persons alike, existed.  See, Zeledon v. Dimi Gyro LLC, No. 15-CV-7301(TPG)(DF), 2016 WL 6561404, at *11 (S.D.N.Y. Oct. 13, 2016) (finding that the single sentence in plaintiff's affidavit stating that certain deliverymen "were paid approximately $5.65 per hour and rarely, if ever, worked above forty hours per week" was insufficient to show they were subjected to a common unlawful compensation policy).

In the same vein, conditional certification in this case will not promote judicial efficiency. Plaintiff has the burden of defining an ascertainable class such that it is administratively feasible to determine who is in the class. Lundquist v. Sec. Pac. Auto. Fin. Servs. Corp., 993 F.2d 11, 14-15 (2nd Cir. 1993); Mendoza v. Casa de Cambio Delgado, Inc., No. 07-CV-2579(HB), 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008). Even assuming the Court finds sufficient showing as to the existence of a common policy or plan in violation of the law, particularly between stock persons and non-stock persons, denial would still be required in light of the fact that adjudication of these issues requires individualized inquiries as to the actual claims of Plaintiff against facts concerning each putative collective plaintiff. Prizmic v. Armour, Inc., No. 05-CV-2503 (DLI)(MDG), 2006 WL 1662614 at *2 (E.D.N.Y. June 12, 2006) (finding that in absence of sufficient showing by plaintiff, conditional certification would be 'a frivolous fishing expedition conducted by plaintiff at the employer's expense'); Cowell v. Utopia Home Care, No. 14-CV-736 (LDW)(SIL), 2016

WL 4186976 at *6 (E.D.N.Y Aug. 8, 2016) (denying collective certification because the determination of whether the putative plaintiff's time was compensable required "fact-intensive analysis of factors such as what tasks [plaintiff] performed, for how long, and how it related, or did not relate" to client needs.) Plaintiff here has simply opened the door to require individualized analysis and inquiry as to the proposed, putative collective which ought to be denied in its entirety. See Diaz v. Elec. Boutique of America, Inc., No. 04-CV-0840E, 2005 WL 2654270, at *5 (W.D.N.Y. Oct. 17, 2005); see also Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003).

In order for the Court to establish that Key Food failed to pay legally owed overtime compensation for the work described by the Plaintiff, the Court would be required to make individualized inquiries concerning each putative collective member's employment, and separate inquiries between stock persons and non-stock persons. However, given the absence of a company-wide policy requiring all workers to punch-out at some unknown arbitrary time, and allegedly forced to work during lunch break periods, this inquiry is impossible to answer without individualized inquiry.  Here, not only does Plaintiff fail to establish a common policy applicable to both stock persons and non-stock persons, but he fails to account for the fact that the hours differ even between the stock persons working the morning, night and overnight shifts.

For all the reasons discussed heretofore, this case should remain as a single individual case.

## F. EQUITABLE TOLLING AND PROPOSED PERIOD OF TIME IS BASELESS, OVERBROAD, AND OVER-INCLUSIVE

Plaintiff also requests that the Court toll the statute of limitations for all potential opt-ins indefinitely "until such time that Plaintiff is able to send notice to potential opt-in plaintiffs." See Plaintiff's Memorandum of Law, pg. 2. However, Plaintiff provides no justification for this request.

The FLSA has a two year statute of limitations "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The statute of limitations for each putative collection action member, including the representative plaintiff, continues to run until he or she files written consent with the court to join the lawsuit. See id.; 29 U.S.C. § 256(b); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("[O]nly by 'opting in' will the statute of limitation period on potential plaintiffs' claims be tolled.").

Equitable tolling is an exceptional remedy and should only be applied "in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2nd Cir. 2003) (internal citations omitted and emphasis added). Courts have found extraordinary circumstances where it would have been impossible for a reasonably prudent person to learn of the cause of action. See Miller v. Int'l Tel. and Tel. Corp., 755 F.2d 20, 24 (2nd Cir. 1985), or if the defendant concealed from the plaintiff the existence of the cause of action, Gustafson v. Bell Atlantic Corp., 171 F. Supp. 2d 311, 323 (S.D.N.Y. 2001) (rejecting request for equitable tolling because plaintiff was aware of his classification as an independent contractor); see also Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ("An extraordinary circumstance might exist if the employee shows that it would have been impossible for a reasonably prudent person to learn of the cause of action or if the defendant concealed from the plaintiff the existence of the cause of action.") (citations omitted).

In denying equitable tolling, the Court in Mogollan v. La Abundancia Bakery & Restaurant, Inc., No. 18-CV-03202 (GBD)(SDA), 2019 WL 1512714 (S.D.N.Y April 8, 2019), found that there was, "no basis for making a ruling at this time that any current or future opt-in

employees' claims must be equitably tolled given that there has been no showing that they have met the 'diligence' prong of the equitable tolling doctrine."

Plaintiff has not set forth the "extraordinary circumstances" that would warrant a tolling of the statute of limitations for those individuals who he believes are allegedly similarly situated. In fact, Plaintiff provides no rationale for his request for equitable tolling. The only conceivable reason would be that Plaintiff's counsel is losing potential clients, yet this is patently insufficient to warrant equitable tolling. See Hintergerger v. Catholic Health System, No. 08-CV-380S, 2009 WL 3464134, at *14-15, n. 22 (W.D.N.Y. Oct. 21, 2009) (denying plaintiff's request for equitable tolling because plaintiff's rationale that individuals would not know about their rights until they received notice of the pending action was "not sufficient" to meet [plaintiff's] burden of showing circumstances warranting tolling."); see also Maldonado v. La Nueva Rampa, Inc., No. 10-CV-8195, 2012 WL 1669341, at *4 (S.D.N.Y. May 14, 2012) (denying motion for equitable tolling of FLSA limitations periods because the mere fact that defendants did not post required notices was insufficient to satisfy the "rare and extraordinary circumstances that warrant equitable tolling"); Hosking v. New World Mortgage, Inc., 602 F. Supp. 2d 441, 447 (E.D.N.Y. 2009).

Plaintiff specifically alleges in his Declaration that he "routinely complained about [these allegations]" to the purported, potential opt-in plaintiff, Martin. See Santos Decl. ¶ 11. Plaintiff would have this Court believe that despite routine conversations discussing these alleged violations both at work and during social settings outside of work that potential opt-in plaintiffs were completely unaware of their rights and therefore the statute of limitations should be equitably tolled for same. This is simply illogical. As a result, Plaintiff's request should be denied. See Cao v. Wu Liang Ye Lexington Rest., Inc., 2010 WL 4159391, at *1 (S.D.N.Y. Sept. 30, 2010) (tolling is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common

17

state of affairs") (internal citation omitted).

A three-year period where the Plaintiff is only seeking conditional certification of his FLSA claims is both reasonable and appropriate in the Second Circuit. See, e.g., Islam v. LX Avenue Bagels Inc., No. 18-CV-04895(RA)(RWL), 2019 WL 5198667, at *8 (S.D.N.Y September 30, 2019) (denying a six-year period because it "would be confusing to employees who are ineligible for the FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims"); Iriarte v. Café 71 Inc., No. 15-CV-3217(CM), 2015 WL 8900875, at *5-6 (S.D.N.Y December 11, 2015) (denying a six-year period for the same reason); Lujan v. Cabana Mgmt., Inc., No. 10-CV-755 (ILG), 2011 WL 317984, at *9 (E.D.N.Y February 1, 2011) (denying a six-year period for the same reason). In the case of Contrera v. Langer, 278 F.Supp.3d at 722 (S.D.N.Y 2017), the Court held that providing notices to plaintiffs who may not have a claim under the FLSA would serve only to confuse employees, rather than promote judicial efficiency as Plaintiff claims. Thus, the Court held, a three-year period was more than appropriate for Plaintiff's purposes, since it will avoid confusing individuals whose claims arise solely under the NYLL.

Authorizing notice for a period twice the length of the maximum FLSA limitations period would not serve the efficiency goal. Courts in this District have consistently held that the three-year period is more reasonable based on the confusion caused by notifying plaintiffs who potentially have two disparate claims with different statutes of limitations, along with the inefficiency of providing notice to plaintiffs whose claims may well be time-barred. Hamadou v. Hess Corp., 915 F.Supp.2d at 667–68 (S.D.N.Y 2013) (three years); McBeth v. Gabrielli Truck Sales, Ltd., 768 F.Supp.2d 396, 400 (E.D.N.Y. 2011) (three years); Ramos v. PJJK Rest. Corp., No. 15-CV-5672(PKC), 2016 WL 1106373 at *5 (S.D.N.Y. Mar. 10, 2016) (only approving notice

18

for three years as the plaintiffs "[did] not explain how efficiency or judicial economy are enhanced if the collective action notice includes a six-year limitations period for NYLL claims that have not received class certification"). Authorizing notice for a time period twice the length of the maximum FLSA limitations period would not serve the efficiency goal articulated in Hoffmann– La Roche, 493 U.S. at 174.

Therefore, Plaintiff's request in the case at bar should be limited to 3 years prior to the date the conditional certification is granted. Plaintiff here cannot seek to include in the notice any former workers who were no longer Key Food employees as of February 2018, as that would seek to impermissibly include those whose FLSA claims have already been time barred. This is impermissible over-reaching, unreasonable, and lacks basis in fact and in law. See, Mogollan v. La Abundancia Bakery & Restaurant, Inc., No. 18-CV-03202 (GBD)(SDA), 2019 WL 5693375, (S.D.N.Y November 4, 2019) (It continues to be the case that the Court cannot determine whether equitable tolling principles may be applied in this case; holding nevertheless that notice to all potential collective action members should be three years with the understanding that Defendants may challenge the timeliness of individual plaintiffs' claims).

In Douglas v. Anthem Productions LLC, No. 18-CV-5789(VEC) (S.D.N.Y January 2, 2019), the court denied Plaintiff's request for equitable tolling but permitted any prospective members of the collective to move for tolling on an individual basis only. The Douglas court also ruled that 3 years was appropriate as the notice period. Therefore, should equitable tolling be permitted, at most, the Court should only consider tolling the statute of limitations on an individual case-by-case basis.

### G. PLAINTIFF'S PROPOSED NOTICE AND OTHER RELIEF MUST BE MODIFIED SHOULD THE COURT GRANT ANY PART OF PLAINTIFF'S MOTION

For the reasons outlined herein, this Court ought to deny the Motion outright, in which case

it would need not reach the issue of Plaintiff's proposed form of notice. However, if the Court does not, Defendants object to Plaintiff's proposed notice. Notice must be "accurate" and must provide sufficient information to allow "informed decisions about whether to participate." Hoffman-LaRoche, 493 U.S. at 170. Plaintiff's proposed notice fails this standard for numerous reasons. "[T]he district court has discretion regarding the form and content of the notice." In re Penthouse Exec. Club Comp. Litig., No. 10-CV-1145(NRB), 2010 WL 4340255, at 4–5; Lee v. ABC Carpet & Home, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) ("[T]he Supreme Court has noted that the "details" of notice should be left to the broad discretion of the trial court.") (citing Hoffmann–La Roche v. Sperling, 493 U.S. 165, 170 [1989]). The Court further has the discretion to order the parties to meet-and-confer on the Notice if necessary. Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 76 (E.D.N.Y. 2016). "The growing trend in this district appears to be limiting the notice period to three years." Alvarez v. IBM Restaurants Inc., 839 F. Supp. 2d 580, 587 (E.D.N.Y. 2012): McBeth v. Gabrielli Truck Sales, Ltd., 768 F.Supp.2d 396, 400 (E.D.N.Y. 2011). It must be emphasized that the scope of notice must serve the judicial efficiency goal articulated by the Supreme Court in Hoffman-La Roche, Inc. v. Sperling, 110 S.Ct. 482 (1989).

First, Plaintiff's proposed time period is improper. Plaintiff has requested that notice issue to persons who worked as a non-exempt employee (including but not limited to cashiers, stock persons, counter employees and baggers) at any time from February 16, 2015 (six years before the Complaint was filed) to the present. However, Plaintiff concedes that the statute of limitations on FLSA claims is, at most, three years. 29 U.S.C. § 255. Permitting notice to individuals who cannot timely opt-in would only cause confusion. See Sanchez v. el Rancho Sports Bar Corp., 2014 WL 1998236, at *4 (S.D.N.Y. May 13, 2014) (recent trend is to deny requests for a six-year notice period to avoid "confusion" and "inefficiency of providing notice to plaintiffs whose claims may

20

well be time-barred"); <u>Hamadou v. Hess Corp.</u>, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("It would be confusing to employees who are ineligible for the FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims."); <u>Lujan v. Cabana Mgmt. Inc.</u>, 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011) ("The purpose of the instant motion is to notify and inform those eligible to opt in to the collective action, and time-barred former employees may not do so."). It must be emphasized that the scope of notice must serve the judicial efficiency goal articulated by the Supreme Court in <u>Hoffman-La Roche, Inc. v. Sperling</u>, 110 S.Ct. 482 (1989).

Second, Plaintiff's proposed notice improperly refers to New York Labor Law claims. The notice mechanism serves to notify potential plaintiffs only of their right to join an FLSA action, pursuant to the FLSA's opt-in procedure. 29 U.S.C. § 216(b). The presence of state law claims is irrelevant to FLSA conditional certification and notice. <u>See, e.g.</u>, <u>Foster v. Food Emporium</u>, 2000 WL 1737858, at *3 (S.D.N.Y. Apr. 26, 2000) (authorizing notice but not allowing the notice to include reference to state law claims).

Finally, the notice must avoid any appearance that the action is sanctioned by the Court. A statement in the notice should be included that provides as follows:

> Although the Court has authorized Plaintiffs' counsel to send this notice, the Court expresses no opinion regarding the merits of the claims in this case, if any. Plaintiffs' claims and the claims of any person who joins the lawsuit may be subject to later dismissal if the Court finds that the claims lack merit or that this lawsuit cannot be litigated on a collective basis.

As to Plaintiff's remaining contentions in his moving papers, Plaintiff's 10-day disclosure request is simply not enough time, and should be extended to, at a minimum, 21 days.

Furthermore, Plaintiff seeks to overreach regarding the request for personal phone numbers of all putative collective members. Phone numbers are not necessary, intrusive to the putative member, and subject to abuse as it can be used as a marketing tactic to persuade putative members

to opt-in.  Phone conversations are not monitored so there is no way of knowing of the substance of the conversation. See, Trinidad v. Pret A Manger (USA) Ltd., 962 F.Supp.2d at 564 (S.D.N.Y 2013) (Finding that it is unnecessary for Pret to provide the telephone numbers of prospective class members); Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d at 324 (S.D.N.Y 2007) (As plaintiff has provided no rationale to explain why he requires such extensive production of information including phone numbers).

Although the Court should not grant the Motion, if it does, the Court should reject Plaintiff's request to disseminate notice by email, text message and posting, and for cell phone numbers and e-mail addresses to the extent they are requested. First-class mail is far and away the preferred notice method. Gonzalez v. Scalinatella, Inc., 2013 WL 6171311, at *5 (S.D.N.Y. Nov. 25, 2013) (first-class mail sufficient and requiring no production of telephone numbers or e-mail addresses); Han v. Sterling Nat'l Mort. Co., Inc., 2011 WL 4344235, at *12 (E.D.N.Y. Sept. 14, 2011) ("[P]laintiff's request for…phone numbers is premature"; "no evidence at this time that plaintiff will have trouble reaching the Proposed Class by sending the [] notice to their address via first class mail"); see also Parks v. Eastwood Ins. Servs., Inc., 2002 WL 34370244, at *5 (C.D. Cal. July 29, 2002) ("[P]roduction of telephone numbers…is unwarranted and presents a greater risk of improper solicitation").

Contrary to plaintiffs' request, it is not common or reasonable to permit notifications by e-mail or text messaging. Courts have recognized a genuine concern over disseminating notice by e-mail and text messaging, stating, "electronic communication inherently has the potential to be copied and forwarded to other people via the internet with commentary that could distort the notice approved by the Court. Electronic mail heightens the risk that the communication will be reproduced to large numbers of people who could compromise the integrity of the notice process.

In addition, email messages could be forwarded to non-class members and posted to internet sites with great ease. Sharma v. Burberry Ltd., 52 F. Supp.3d 443 (E.D.N.Y 2014) (denying plaintiff's request to disseminate the Notice via e-mail); Karvaly v. eBay, Inc., 245 F.R.D. 71 (E.D.N.Y 2007). There is no evidence that stock persons or other workers communicated via text messaging, or that they maintained a group chat. Plaintiff's request to e-mail and text message putative collective members is unnecessary, duplicative, and invasive of the privacy of putative collective members.

It is also common practice to have opt-in plaintiffs send their consent forms to the Clerk of the Court rather than to plaintiff's counsel. Sharma, 52 F. Supp.3d 443 (E.D.N.Y 2014) (although plaintiff proposed that "individuals deciding to opt in forward their completed consent forms to his counsel, 'recent decisions have held that such a provision improperly discourages class members from seeking outside counsel and thus, courts have directed that Consent Forms be sent to the Clerk of the Court). Furthermore, as the Court in Sharma, supra., noted, this is not a nationwide class but a limited group involving one location. At bar, Plaintiff's counsel, Mr. Seth Nadler, Esq., the attorney handling this matter, has not demonstrated his qualification or competence as required to represent the putative collective.

Plaintiff seeks to overreach regarding the request for personal phone numbers of all putative collective members. Phone numbers are not necessary, intrusive to the putative member, and subject to abuse as it can be used as a marketing tactic to persuade putative members to opt-in. Phone conversations are not monitored so there is no way of knowing of the substance of the conversation. See, Trinidad v. Pret A Manger (USA) Ltd., 962 F.Supp.2d at 564 (S.D.N.Y 2013) (Finding that it is unnecessary for Pret to provide the telephone numbers of prospective class members); Fasanelli v. Heartland Brewery, Inc., 516 F.Supp.2d at 324 (S.D.N.Y 2007) (As

23

plaintiff has provided no rationale to explain why he requires such extensive production of information including phone numbers); see also, Rubery v. Buth-Na-Bodhaige, Inc., 569 F.Supp.2d at 338 (W.D.N.Y 2008) (ordering only mailed and posted notice where "plaintiff has made no showing that would justify going beyond the belt-and-suspenders approach of utilizing both mailed and posted notices").

There is, furthermore, no persuasive rationale for sending multiple notices as long as the original notice, which in and of itself should suffice, contains the deadline to respond. Multiple notices are unnecessary and only serves to encourage putative opt-in members to join, even when the notice does not apply to that putative member.

Plaintiff's request that the notice be posted at Defendants' grocery store should also be denied. Such notice would be redundant because the employees would be reached by such notice would also receive the same notice by mail, thus presenting possible confusion among the potential opt-in plaintiffs. See Garcia v. Spectrum of Creations, Inc., 102 F. Supp. 3d 541, 551 (S.D.N.Y. 2015); see also Michael v. Bloomberg L.P., 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015).

The Court has the discretion to order the parties to meet-and-confer on the Notice if necessary. Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 76 (E.D.N.Y. 2016). In light of the numerous objectionable items in the proposed notice, Defendants respectfully submit that the parties should at least be given an opportunity to confer and submit a joint proposed notice.

Based on the foregoing, Defendants respectfully request this motion be denied in its entirety.

Dated: New York, New York
      September 17, 2021

                                              Joseph Dimitrov (5553284)

24