**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARGARITO HERNANDEZ SANTOS,
*on behalf of himself, FLSA Collective Plaintiffs,*
*and the Class,*

                        Plaintiff,

       v.

NUVE MIGUEL CORP. d/b/a KEY FOODS
LUIS H URGILES

                    Defendants.

---

Case No.: 1:21-cv-01335-JPO-RWL

**SECOND AMENDED CLASS AND**
**COLLECTIVE ACTION**
**COMPLAINT**

**Jury Trial Demanded**

Plaintiff MARGARITO HERNANDEZ SANTOS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Second Amended Class and Collective Action Complaint against Defendants NUVE MIGUEL CORP. d/b/a KEY FOODS ("Corporate Defendant") and LUIS H URGILES ("Individual Defendant," collectively with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

1

Defendants: (1) unpaid wages due to time shaving, including wages for unpaid off-the-clock work, (2) liquidated damages and (3) attorneys' fees and costs.

2.     Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, including wages for unpaid off-the-clock work, (2) unpaid spread of hours premiums, (3) liquidated damages, (4) statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District and because Plaintiff's principal place of business is in this District.

## PARTIES

*Plaintiff*

5.     Plaintiff SANTOS is a resident of New York County.

*Defendants*

6.     Corporate Defendant NUVE MIGUEL CORP. is a corporation organized under the laws of New York and the owner of the Key Foods supermarket located at 755 Amsterdam Avenue, New York, NY 10025.  Its address for service of process is the same.

7.     Individual Defendant LUIS H URGILES is the owner and chief executive officer of NUVE MIGUEL CORP.

2

8.     Individual Defendant exercised functional control over the business and financial operations of Corporate Defendant and over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class Members, Individual Defendant exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. Individual Defendant had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

9.     Defendant URGILES was present at the Key Foods supermarket supervising employees just about every day Plaintiff was working there.  If Plaintiff or another employee wanted the day off or had some other employment issue to address, they would speak either with Defendant URGILES directly or with one of Defendant URGILES's associates, who would then take the issue up with Defendant URGILES.

10.     At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

12.     Plaintiff worked for Defendants from in or about June 2006 to in or about May 2020. His scheduled workhours were six (6) days a week, from 8:00 am to 5:00 pm, as a stock

person in the produce department. On a daily basis, Plaintiff, FLSA Collective Plaintiffs, and Class members worked in excess of their scheduled hours and such time was uncompensated.

13.     He was always paid the prevailing minimum wage rate and was always paid in cash. Plaintiff did not clock in and out until 2015.

14.     Plaintiff would stay at work for 15 minutes after his scheduled shift, but he would not be compensated for this. Before he began clocking in and out in 2015, Defendants would simply pay him for his scheduled shift hours. After he began clocking in and out in 2015, he would be required to clock out at the end of his scheduled shift but would then be expected to stay on to help tie up loose ends for another 15 minutes daily.

15.     Since 2015, Plaintiff was always required to clock out for lunch for one hour every day.  But he could never actually take a lunch break and instead had to work through it. He would begin eating his lunch upon clocking out. Immediately, Flavio Urgiles or another manager would come over, tell him things were getting busy, and require him to perform work—and commanding Plaintiff to go find other employees who were also clocked out (like Margarito) to drag them back to work.

16.     While Plaintiff and other employees of Defendants worked through their lunch breaks most days, they were not allowed to clock back in until their official lunch hour was over.

17.     As a result of Defendants' lunchtime and post-shift time shaving, Plaintiff was paid for 48 hours per week when he actually worked 55.5. Since the shaved hours were overtime hours, Plaintiff was injured in the amount of at least 7.5 overtime hours' wages per week.  FLSA Collective Plaintiffs and Class members similarly suffered from this time-shaving scheme.

18.     Throughout his employment, Plaintiff occasionally worked shifts with start and end times of more than ten (10) hours. However, on those days, Defendants failed to compensate

4

Plaintiff with his spread of hours premiums when working shifts of ten (10) or more hours. *See* **Exhibit A**. Similarly, Class Members did not receive their spread of hours premiums when working shifts of more than ten (10) hours.

19.     Plaintiff, FLSA Collective Plaintiffs, and Class members did not receive wage notices. Any wage statements they did receive were improper because they did not include the correct number of hours worked and failed to include their spread of hours premiums.

20.     Based on Plaintiff's personal observations and experiences and his conversations with other employees of Defendants', including but not limited to cashiers, stock persons, counter employees and baggers, were similarly denied their full wages because of Defendants' time shaving through compulsory off-the-clock work and denied their spread of hours premiums when working shifts of more than ten (10) hours.

21.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiff brings claims for relief as a collective action against Defendants pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to cashiers, stock persons, counter employees and baggers, who were employed by Defendants on or after the date that is three (3) years prior to the filing of this Complaint  and who, like Plaintiff, were not paid regular and overtime wages due to time shaving through compulsory off-the-clock work.

23.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and

have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them all wages due because of Defendants' policy of time shaving.

24.     The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

25.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees including but not limited to cashiers, stock persons, counter employees and baggers, employed by Defendants on or after the date that is six (6) years prior to the filing of this Complaint and who, like Plaintiff, were not paid regular and overtime wages due to time shaving and who failed to receive proper spread of hours premiums.

26.     The Class Members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

27.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

28.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Like Plaintiff, other Class Members were denied regular and overtime wages due to Defendants' policy of time shaving, including through the use of forced off-the-clock work.

29.     Moreover, Plaintiff and Class Members were alike subject to Defendants' practices of failing to provide proper wage and hour notices and wage statements that satisfied the NYLL's requirements for wage and hour notices and wage statements.

30.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

31.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

32.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33.     Defendants and other employers throughout the country violate the New York Labor Law and applicable state laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

34.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and the Class within the meaning of the New York Labor Law;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

d)  Whether Defendants failed to pay Plaintiff and the Class members all wages owed due to a policy of time shaving;

e)  Whether Defendants failed to provide Plaintiff and Class Members their spread of hours premiums when working shifts of more than ten (10) hours;

f)  Whether Defendants provided proper wage statements informing Class Members of information required to be provided on wage statements as required under the New York Labor Law; and

g)  Whether Defendants provided proper wage and hour notice to Class Members, including all information required under the New York Labor Law, upon hiring and thereafter.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35.    Plaintiff realleges all the foregoing paragraphs of this Second Amended Class and Collective Complaint as if fully set forth herein.

36.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

9

38.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.

39.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all wages owed due to a policy of time shaving, including the use of forced off-the-clock work.

40.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41.     Defendants knew of, and/or showed a willful disregard for, the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs all wages due when Defendants knew or should have known such was due.

42.     Defendants failed to properly apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

43.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

44.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

45.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

46.     Plaintiff realleges all the foregoing paragraphs of this Second Amended Class and Collective Action Complaint as if fully set forth herein.

47.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

48.     Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay them all wages owed through a policy of time shaving, including forcing them to do unpaid off-the-clock work.

49.     Defendants knowingly and willfully operated their business with a policy of not providing spread of hours premiums as required under the New York Labor Law.

50.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

51.     Defendants knowingly and willfully failed to provide proper wage and hour notices to employees pursuant to the requirements of the New York Labor Law.

52.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid regular and overtime compensation, unpaid spread of hours premiums, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them prohibiting them from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid regular and overtime wages due under the FLSA and NYLL;

d. An award of unpaid spread of hours premiums due under the NYLL;

e. An award of liquidated damages as a result of Defendants' willful failure to pay all regular and overtime wages owed pursuant to the FLSA;

f. An award of liquidated damages as a result of Defendants' willful failure to pay all regular and overtime wages owed, pursuant to the NYLL;

g. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiff as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 26, 2021                       Respectfully submitted,

By:     _/s/ C.K. Lee_
              C.K. Lee (CL 4086)

              LEE LITIGATION GROUP, PLLC
              C.K. Lee (CL 4086)
              Anne Seelig (AS 1976)
              148 West 24th Street, Eighth Floor
              New York, NY 10011
              Tel.: 212-465-1188
              Fax: 212-465-1181
              *Attorneys for Plaintiff, FLSA Collective Plaintiffs*
              *and the Class*