USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

MARGARITO HERNANDOZ SANTOS,
on behalf of himself, FLSA Collective Plaintiffs,
and the Class,

                       Plaintiffs,

            - against -

NUVE MIGUEL CORP. d/b/a KEY FOODS,
LUIS H. URGILES,

                      Defendants.

------------------------------------------------------------------------X

21-CV-1335 (JPO)(RWL)

**DECISION AND ORDER:
MOTION FOR
<u>CONDITIONAL CERTIFICATION</u>**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       Plaintiff filed this action against a supermarket and its owner, claiming violations of wage and hours laws under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is Plaintiff's motion for an order (1) conditionally certifying the FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b); (2) approving Plaintiff's proposed form and manner of notice to potential opt-in members to the collective action; and (3) requiring Defendants to provide Plaintiff with a list containing contact information of all individuals employed by Defendants for the last six years. For the reasons that follow, Plaintiff's motion is DENIED.

**Factual And Procedural Background**[1]

Defendant Luis H. Urgiles owns and operates Defendant Nuve Miguel Corp., which does business as the supermarket Key Foods, located at 755 Amsterdam Avenue in New York City (collectively, "Defendants"). From June 2006 until about May 2020, Santos was employed at Key Foods as a stock person in the produce department. (Compl. ¶¶ 6, 12.) According to Santos, Defendants shaved time off of Santo's hours worked by having him work through part or all of lunch and for a short time after clocking out. As a result, Santos claims he was not paid for all time he worked and did not receive overtime pay as he should have for hours worked in excess of 40 hours per week. Santos further claims that all other non-managerial employees of Defendants were subject to the same treatment. (Compl. ¶¶ 15-17.)

Santos's declaration states that he regularly observed and spoke with his non-managerial co-workers regarding their wages. Based on his "personal observations and conversations with co-workers," Santos claims to "know that all employees employed by Defendants were subject to the same wage and hour policies." (Santos Decl. ¶ 10.) He identifies three such co-workers by their first name and position or department. Specifically, Santos refers to a porter named "Martin," "Oscar" in Dairy, and "Victor" in Grocery. (Santos Decl. ¶ 9.)

Santos states that he and his co-workers "routinely complained about [working past their shifts and through their lunch breaks while off the clock]." (Santos Decl. ¶ 11.) Santos's

---

[1] The factual background is drawn from the Second Amended Complaint filed October 26, 2021 (Dkt. 48) ("Compl.") and the declaration of Margarito Hernandez Santos dated August 19, 2021 (Dkt. 27) ("Santos Decl."). Defendants challenge the Santos Declaration as defective for not being accompanied by a certified translation. Santos cured that problem in part by providing a declaration from a translator, although one who does not appear to be certified. *See* Declaration of Luis Arnaud dated September 27, 2021 (Dkt. 38). The Court declines to reject the Santos Declaration on the basis of any remaining technical transgressions. *See Espinoza v. 953 Associates, LLC*, 280 F.R.D. 113, 119 (S.D.N.Y. 2011) (some "courts have accepted English-language declarations from Spanish speaking plaintiffs without dwelling on technical improprieties").

declaration elaborates further with respect to only "Martin."  Santos asserts (in full):

> I recall that Martin was particularly frustrated by Defendants' practices.  Like me, Martin would clock out, either for lunch or at the end of his shift, only to be told by a manager that his assistance was required on some small task and that clocking back in wasn't worth it.  As with me, the small task would soon grow into something bigger until Martin found himself performing a substantial amount of off-the-clock work. One day, Martin complained to [manager] Victor that he was missing an entire day's worth of pay, since he had worked six days that week but only been compensated for five.  But Victor would respond, "Nope; you only worked five days." This also happened to me on a few occasions.  Martin and I would discuss these problems both at work when managers were out of earshot and also when we socialized outside of work.

(Santos Decl. ¶ 11.)

The Second Amended Complaint alleges that Defendants had a policy of shaving time from employee's pay and forced them to do unpaid off-the-clock work in violation of both the NYLL and FLSA.  Santos seeks to recover damages and other relief as permitted by the labor statutes.  Santos also seeks certification of the case as both a class action pursuant to Federal Rule of Civil Procedure 23 and as a collective action pursuant to the FLSA that would include all non-managerial employees of Defendants for the relevant time period, including but not limited to stockers, porters, cashiers, counter employees, and baggers.

Santos filed the instant motion on August 27, 2021 to conditionally certify a collective action for his FLSA claims. The motion includes a Memorandum Of Law In Support ("Pl. Mem.") (Dkt. 25), as well as declarations from Santos (Dkt. 27) and Luis Arnaud, who provides a Spanish translation of Santos's "affidavit" and affirms that he translated the document for Santos.  (Dkt. 38.)  In opposition, Defendants filed a Memorandum Of Law ("Def. Opp.") (Dkt. 30) along with the Declarations of Klever Urgiles – the owner and general manager of Key Foods (Dkt. 31); Martin Garcia – the "Martin" referred to by Santos (Dkt. 32), and Oscar Vergara – the "Oscar" referred to by Santos (Dkt. 33).  Plaintiff filed a Reply Memorandum Of Law ("Reply") (Dkt. 37)

on September 27, 2021, at which point the motion was fully briefed.  The case has been referred to me for general pre-trial purposes, including non-dispositive motions such as the instant application.  (Dkt. 8.)

In addition to moving for conditional certification of an FLSA collective action, Santos requests that the Court approve the form, content, and distribution of notice and "opt-in" form to be sent to prospective members of the collective.  Defendants contend that no notice should be issued because the case does not qualify for certification as a collective action, but even if it did, the notice and methods of distribution proposed by Santos should be modified in several respects.  Because the Court concludes that no collective action is warranted, the discussion below addresses only that issue.

## Conditional Certification Is Not Warranted

The following discussion begins with an explanation of collective actions, the two-step process for certifying a collective action, and the standards a plaintiff must meet to warrant conditional certification.  Applying those principles, the Court finds that the requirements for conditional certification are not met.

### A.     The FLSA And Section 216(b) Collective Actions

The FLSA was enacted to remediate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).  The FLSA requires that any employee who is not statutorily exempt be paid at least the federal statutory minimum wage for the first 40 hours of work in a given week, 29 U.S.C. § 206(a), and that they receive "a rate not less than one and one-half times the regular rate at which he is employed" for overtime, or time worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1).  "Under neither [the FLSA nor the NYLL] will a fixed salary be deemed to include an overtime component in the absence of an express agreement."

*Francois v. Mazer*, No. 09-cv-3275, 2012 WL 653886, at *4 (S.D.N.Y. Feb. 28, 2012) (citing *Wong v. Hunda Glass Corp.*, No. 09-cv-4402, 2010 WL 2541698, at *2 (S.D.N.Y. June 23, 2010)).

The FLSA allows workers to initiate collective actions to recover minimum and overtime wages on behalf of similarly situated employees. *See* 29 U.S.C. § 216(b). The statute provides in pertinent part:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Designating a "collective" in an FLSA action differs from certification of a class action under Rule 23 of the Federal Rules of Civil Procedure in that potential FLSA collective members must affirmatively opt into, rather than opt out of, the litigation. *See Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17-cv-273, 2018 WL 1737726, at *2-3 (S.D.N.Y. March 26, 2018) (discussing the differences between an FLSA collective action and a Rule 23 class action); *Contrera v. Langer*, 278 F. Supp. 3d 702, 713 (S.D.N.Y. 2017) (same). Moreover, a proposed FLSA collective need not meet the Rule 23 prerequisites of numerosity, typicality, commonality, and representativeness. *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 111 (S.D.N.Y. 2015); *see also Lianhua Weng*, 2018 WL 1737726, at *2; *Contrera*, 278 F. Supp. 3d at 713.

**B.   The Two-Step Collective Certification Process**

The FLSA itself "does not prescribe any procedures for approval of collective actions." *Contrera*, 278 F. Supp. 3d at 712 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165,

5

169, 110 S. Ct. 482, 485 (1989)). However, "district courts 'have discretion, in appropriate cases, to implement [Section 216(b)] … by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (alterations in original) (quoting *Hoffmann-La Roche*, 493 U.S. at 169, 110 S. Ct. at 487). "Orders authorizing notice are sometimes referred to as orders 'certifying' a collective action, even though the FLSA does not contain a certification mechanism." *Contrera*, 278 F. Supp. 3d at 712 (citing *Myers*, 624 F. 3d at 555 n.10).

The Second Circuit has endorsed a two-step method used by district courts in determining whether to exercise their discretion to certify a collective action under Section 216(b) and to permit notice to be sent to potential opt-in plaintiffs. *Myers*, 624 F.3d at 554-55 (referring to the two-step process as "sensible"); *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) ("In *Myers*, we endorsed a two-step process for certifying FLSA collective actions"); *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 660-61 (S.D.N.Y. 2013) (discussing and applying the two-step process); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007) (same).

At the first step – the present stage of this litigation – a district court may "mak[e] an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (citing *Damassia v. Duane Reade, Inc.*, No. 04-cv-8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006)); *see also Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (same). Thus, "[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Id.* at 261; *Islam v. LX Avenue Bagels, Inc.*, No. 18-cv-4895, 2019 WL 5198667, at *3 (S.D.N.Y. Sept. 30, 2019) (Lehrburger, J.) (same).

Though "[n]either the FLSA nor its implementing regulations define the term 'similarly situated,' … courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Sbarro*, 982 F. Supp. at 261; *see also Myers*, 624 F.3d at 555 (same). Employees identified as similarly situated to named plaintiffs need not be "identical [to them] in all respects." *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 323 (S.D.N.Y. 2011)*, reversed on other grounds*, 533 F. App'x 11 (2d Cir. 2013). Rather, "courts may conditionally certify collectives of individuals with a variety of job titles, but only where a common unlawful policy is shown." *Liping Dai v. Lychee House, Inc.,* No. 17-cv-6197, 2018 WL 4360772, at *10 (S.D.N.Y. Aug. 29, 2018).

At the second stage of certification, which occurs at a future juncture that the instant case has not yet reached, "with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Glatt*, 811 F.3d at 540 (citing *Myers*, 624 F.3d at 555); *see Genxiang Zhang v. Hiro Sushi at Ollie's Inc.*, No. 17-cv7066, 2019 WL 699179, at *5 (S.D.N.Y. Feb. 5, 2019) ("After discovery is complete, the court will evaluate the full record before it, in order to determine whether the opt-in plaintiffs are, in fact, similarly situated") (citing *Fasanelli*, 516 F. Supp. 2d at 321). At the second stage, "[t]he action may be 'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

**C.    Plaintiff's Burden To Support Conditional Certification**

To demonstrate that a collective should be conditionally certified, "[t]he burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Sbarro*, 982 F. Supp. at 261; *see also Hamadou*,

7

915 F. Supp. 2d at 661-62 (describing the burden as "very low" or "minimal") (quoting *Raniere*, 827 F. Supp. 2d at 368 and *Damassia*, 2006 WL 2853971, at *3). "The leniency of this requirement is consistent with the broad remedial purpose of the FLSA." *Morales v. Plantworks, Inc.*, No. 05-cv-2349, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2,2006) (citing *Sbarro*, 982 F. Supp. at 262).

Plaintiffs can meet their burden at the conditional certification stage by "relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Hamadou*, 915 F. Supp. 2d at 661 (quoting *Raniere*, 827 F.Supp.2d at 319). For this initial stage, courts "regularly rely on … hearsay statements." *Salomon v. Adderley Industries, Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012).

That said, a plaintiff cannot satisfy their burden with "unsupported assertions," *Myers*, 624 F.3d at 555, or statements that are "conclusory," *Morales*, 2006 WL 278154, at *2; *see also Huertero-Morales v. Raguboy Corp.*, No. 17-CV-2429, 2017 WL 4046337, at *3 (S.D.N.Y. Sept. 12, 2017) (denying conditional certification because plaintiff's statements regarding other employees were made in "only the most general terms and with scant factual support"); *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 481 (S.D.N.Y. 2016) ("Conclusory allegations are not sufficient to support a motion for conditional collective action certification").

Importantly, "[i]n ascertaining whether potential opt-in plaintiffs are similarly situated" at the conditional certification stage, "courts should not weigh the merits of the underlying claims." *Hamadou*, 915 F. Supp. 2d at 662 (citing *Lynch v. United Services Automobile Association*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007); *see also Islam*, 2019 WL 5198667 at *4 (same). "At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch*, 491 F. Supp. 2d at

368; *see also Fasanelli*, 516 F. Supp.2d at 322 (the "preliminary documents" assessed at the first stage of certification "necessarily contain unproven allegations").[2]

A plaintiff's factual allegations sometimes may be sufficient with respect to only a subset of employees within the proposed collective. In that event, "[c]ourts performing the collective action certification inquiry have discretion to certify a different group of individuals than that sought by the plaintiff." *Guan Ming Lin v. Benihana National Corp.*, 275 F.R.D. 165, 172 (S.D.N.Y. 2011); *see, e.g.*, *Genxiang Zhang*, 2019 WL 699179, at *7-8 (granting conditional certification but narrowing the job categories included in the collective); *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-cv-3946, 2014 WL 5314822, at *4 (S.D.N.Y. Oct. 16, 2014) (same).

**D.   Application**

Santos seeks conditional certification of a collective of all of Key Foods' "current and former non-exempt employees (including but not limited to cashiers, stock persons, counter employees, and baggers) employed by Defendants" for the six-year period before filing of the Complaint. (Pl. Mem. at 1.) Quite simply, Santos's motion must be denied because he does not meet even the low burden required to show that other employees are similarly situated so as to warrant conditional certification.

First, Santos does not identify any other employee who, like him, was a stock person. He identifies a different position, porter, held by "Martin" and does not even indicate the position or duties of the other two employees he mentions, "Oscar" and "Victor," instead noting only the

---

[2] Defendants have submitted three declarations in opposition to Santos's motion. One is from Klever Urgiles, the owner and general manager of the corporate Defendant who denies any time-shaving allegations (Dkt. 31); the others are from two of the three employees whom Santos asserts that he spoke with about Defendants' policies and practices; each denies that they had any such conversations with Santos or that they were victim of any time-shaving or other wage violations. (Dkts. 32 (Declaration of Martin Garcia), 33 (Declaration of Oscar Vergara).) Because those declarations go to the merits and credibility issues, the Court does not consider them in resolving the instant motion for conditional certification. *See Lynch*, 491 F. Supp. 2d at 368.

departments in which they worked (respectively, Dairy and Grocery).³  (Santos Decl. ¶ 9.) Santos thus has failed to identify any employee similarly situated to him insofar as having the same or similar position.  That is significant in a time-shaving case such as this one where some positions and tasks may be more or less susceptible to the policy or practice alleged while others may not.

Second, Santos repeatedly offers only general allegations and unsupported assertions. He thus states that, "[b]ased on my personal observations and conversations with my co-workers," all employees were subject to the same wage and hour practices.  (Santos Decl. ¶¶ 7, 8, 10.)  Such assertions based generally on "personal observations and conversations with co-workers" are precisely the type of conclusory, unsupported allegations that are insufficient to sustain conditional certification.  *See, e.g.*, *Benavides*, 166 F. Supp.3d at 481-82 ("When plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees, courts have required details about these observations and conversations"); *Sanchez v. JMP Ventures, LLC*, No. 13-CV-7264, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying certification where plaintiff alleged common practice "based on 'observations' and 'conversations' with other employees (whose first names he lists)").

Similarly, Santos fails to provide any detail about when and where he had the conversations he claims to have had or observations he claims to have made, instead relying on the conclusory, generalized statement that the conversations took place "at work when managers were out of earshot and also when [they] socialized outside of work."  (Santos Decl. ¶ 11.)  *See, e.g.*, *id.* at *2 (denying certification because "the Court does not know where or

---

³ The Court finds no fault in Plaintiff's identification of co-workers by their first but not last names. "[C]ourts frequently grant conditional certification when plaintiffs identify similarly situated employees only by nicknames, job titles, or nationalities."  *Islam*, 2019 2019 WL 5198667 at *4 n.4.

10

when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process").

Even though Santos identifies three non-managerial employees whom he observed and with whom he spoke about wages, he elaborates only with respect to one of them – "Martin," the porter. *See Huertero-Morales*, 2017 WL 4046337 at *3 (denying certification where plaintiff stated that he spoke with five other employees, identified by first name, about the defendants'' pay policies but specified only one of those employees experienced time shaving.). But Santos's recollection of Martin's "frustration" with performing off-the-clock work is lacking. Santos does not provide any information about the hours that Martin actually worked, the tasks that Martin was asked to or did perform off-the-clock, or the extent of any such off-the-clock work.

In short, Santos's statements are devoid of any detail that would enable the Court to make an informed determination that he and Martin or any other employees are similarly situated. *See Taveras v. D&J Real Estate Management II, LLC*, 324 F.R.D. 39, 45 (S.D.N.Y. 2018) ("Courts in this Circuit often restrict the scope of a proposed collective or deny conditional certification because of a failure to identify other co-workers by name and title, provide the specifics of conversations with those employees, or note details of other employees' working conditions and hours"); *Huertero-Morales*, 2017 WL 4046337 at *3 ("While a single affidavit from a plaintiff can on its own merit conditional certification, conditional certification is not appropriate where a plaintiff 'provides no details about his conversations with other employees and provides no affidavits from any other employees corroborating his claims'") (cleaned up) (quoting *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-cv-7350, 2009 WL 7311383, at *3 (S.D.N.Y. Nov. 13, 2009)).

Santos argues that since he was employed for fourteen years at Key Foods, he provides

11

"more value towards his personal observations of the circumstances of other employees." (Reply at 6.) In a sense that is true. Such a lengthy period of employment likely would yield a robust reservoir of incidents, observations, and conversations about Defendants' policies and practices as compared to an employee who worked at Key Foods for only a short time during the relevant period. As Santos was employed at Key Foods for so long, one wonders why he does not have more detail or anecdotes to offer beyond merely conclusory statements. Indeed, the fact that Santos offers scant assertions despite having been at Key Foods throughout the entire period underscores the lack of support for the collective he proposes.

Santos does describe an anecdote where "[o]ne day" Martin complained about an instance of having worked six days while being compensated for only five days.[4] (Santos Decl. ¶ 11.) As an initial matter, a single occurrence hardly establishes a practice or policy. *See Scholtisek v. Eldre Corp.*, 697 F. Supp.2d 445, 458 (W.D.N.Y. 2010) ("one timecard is hardly sufficient evidence for a factfinder to conclude that Eldre engaged in an actual practice of unlawful, partial week shutdowns") (citing *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 372 (7th Cir. 2005) ("Identifying a few random, isolated, and negligible deductions is not enough to show an actual practice or policy of treating as hourly the theoretically salaried")); *Robles v. Cox and Co., Inc.*, 841 F. Supp.2d 615, 628 (E.D.N.Y. 2012) (stating in employment

---

[4] The conduct described – having been paid for only five days despite six days of work – is not the gravamen of any of the pleadings filed by Santos; nor is it the focus of Santos's Declaration. Rather, the practice at the heart of Santos's claims is having performed tasks off the clock during lunch breaks and at the end of a shift. In contrast, Santos does not assert that the five-day-pay-for-six-days-work complaint involved any work that was that performed off the clock. That said, broadly interpreted, both types of non-payment may be said to fit under the umbrella of time shaving.

discrimination case that "a one-time event, does not rise to the level of a discriminatory policy or practice").

Moreover, Santos once again fails to provide any supporting details. For instance, he does not provide a time frame that would place the event in the relevant statutory limitations period, which, at maximum under the FLSA, is three years, rather than during the eleven preceding years of his employment. 29 U.S.C. § 255(a) (FLSA statute of limitations is two years or, in the event of willful conduct, three years). He does not say where any conversation took place. He does not say whether Martin told him directly or whether he instead heard someone else relate the incident. And Santos's statement that "[t]his also happened to me on a few occasions," similarly is the type of conclusory, unsupported allegation that does not support conditional certification.

Finally, although an affidavit from a single employee may be sufficient to establish a basis for collective certification, "the absence of supporting affidavits from any other employees distinguishes [this] case from those in which declarations from multiple plaintiffs supported the conclusion that an employer likely had a practice of requiring off-the-clock work." *Stewart v. Hudson Hall LLC*, No. 20-cv-885, 2021 WL 1750368, at * 9 (S.D.N.Y. May 4, 2021) (citing cases and denying certification). The absence of any sworn, corroborating statements from Santos's co-workers further "undermines his assertion that Defendants had a [practice or] policy of requiring off-the-clock work." *Id.*

In sum, Santos has not met his burden for conditional certification of a collective action. Having found that conditional certification is not warranted, the Court does not address Santos's remaining requests, including but not limited to those pertaining to notice, tolling, and collective contact information.

## Conclusion

For the foregoing reasons, Plaintiff's motion to conditionally certify an FLSA collective action is DENIED.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  November 16, 2021
        New York, New York

Copies transmitted to all counsel of record.