USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARGARITO HERNANDEZ SANTOS,

                 Plaintiff,

       - against -

NUVE MIGUEL CORP., et al.

                 Defendants.
-------------------------------------------------------------X

21-CV-1335 (JPO) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    This order resolves the discovery disputes raised at Dkt. 49-50, which were submitted prior to this Court's denial of Plaintiff's motion for conditional certification of a collective action in this wage and hour dispute (Dkt. 52).

    **Class Document Discovery**: Notwithstanding this Court's denial of conditional collective certification, Plaintiff seeks discovery to support an eventual motion for certification of a class action pursuant to Fed. R. Civ. P. 23. To be sure, collective certification and Rule 23 class actions are different procedures governed by different standards. Regardless, "[m]any courts have refused pre-certification discovery of Rule 23 class members 'out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification.'" *Mitchel v. Fortress FS, LLC*, No. 14-CV-2640, 2014 WL 12776121, at *1 (E.D.N.Y. Oct. 22, 2014) (quoting *Dzennik v. Sealift, Inc.*, 05-CV-4649, 2006 WL 1455464 (E.D.N.Y. May 23, 2006) (collecting cases)). This Court shares Defendant's concern that a fishing expedition is exactly what Plaintiff seeks, particularly given the inadequate, conclusory allegations and statements that led to denial of conditional collective

1

certification.  Those same conclusory allegations and assertions are insufficient to establish the relevance or proportionality of the discovery Plaintiff seeks.  Accordingly, Plaintiff's motion for class discovery is denied.

**RFP 8 (prior settlements):**  This request is relevant (to willfulness) but overbroad and not proportionate.  Defendant must produce any settlement agreements with employees in wage-and-hour disputes involving allegations of time-shaving, spread-of-hours, or failure to provide wage notice and statements.  For any non-publicly filed settlement, Defendant may redact the name of the plaintiff and the specific terms of settlement.

**RFP 9 (compliance with labor laws):**  This request is relevant (to willfulness) but overbroad and not proportionate.  Defendants must produce any non-privileged documents expressly referring to the requirements of the wage-and-hour laws and Defendants' compliance of lack of compliance with those laws insofar as they concern minimum wage, maximum wage, time-shaving, spread-of-hours, or the obligation to provide wage notice and statements.

**RFP 10 (litigation with employees):**  This request is relevant (to willfulness) but overbroad and not proportionate.  Defendants must produce any lawsuit complaints filed by employees that assert violations of wage and hour laws involving allegations of time-shaving, spread-of-hours, or failure to provide wage notice and statements.

**RFP 12 (financial statements), 13 (sales records), 14 (tax filings):**  These requests may be relevant but are overbroad and not proportionate.  If Defendants stipulate that the corporate entity has gross revenues in excess of $500,000 per annum for each relevant year, then Defendants need not produce any of the requested

documents. If Defendants do not so stipulate, Defendants must produce documents sufficient to demonstrate its gross revenues for each relevant year.

**RFP 15 (loans and leases), 16 (real property leases), 17 (vendor contracts):** These requests may be relevant but are overbroad and not proportionate. If Defendants stipulate that they own and control the corporate Defendant, then Defendants need not produce any of the requested documents. If Defendants do not so stipulate, Defendants must produce the leases/contracts requested to the extent they concern the store location at which Plaintiff was employed.

**RFP 19 (e-discovery):** This request (including the search terms listed) is overbroad and not proportionate. Defendants need not employ the requested term search but must produce electronic documents that are responsive to other non-objectionable requests.

**Rog 1 (class discovery):** The objections are sustained, consistent with the ruling above on class discovery.

**Rog 5 (past investigations and non-payment):** The objections are sustained.

**Rog 6 (other businesses owned):** The objections are sustained.

**Rog 7 (vendor contracts):** The objections are overruled in part. Defendants shall identify the entity for the following vendors used by the corporate Defendant: accountant, payroll services provider, printer, and banks. Plaintiff shall not issue any third-party discovery requests without first obtaining prior approval of the Court and unless Plaintiff can show that the material requested cannot be obtained from Defendants.

**Rog 12 (banks):** The objections are sustained.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: December 17, 2021
New York, New York

Copies transmitted this date to all counsel of record.